SKELLY OIL COMPANY, Coastal States Gas Producing Company, George H. Coates, Glen A. Martin, and Prado Oil and Gas Company, Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent.

Nos. 9000, 9127, 9128, 9129, 9130.

United States Court of Appeals
Tenth Circuit.

Oct. 23, 1968.

were with him on the brief) for petitioners in Nos. 9000, 9127, 9128 and 9129.

Joel Yohalem, Washington, D. C. (Richard A. Solomon, Gen. Counsel, and Howard E. Wahrenbrock, Sol., Federal Power Commission, were with him on the brief), for respondent.

Kent H. Brown, Albany, N. Y. (Morton L. Simons, Washington, D. C., William T. Coleman, Jr., and Robert W. Maris, Philadelphia, Pa., were with him on the brief), for intervenors Public Service Commission of the State of New York and The United Gas Improvement Co.

Robert E. Shaw and John E. Watson, filed a brief for amicus curiae Tenneco Oil Co.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In Federal Power Commission v. Sunray DX Oil Co., 391 U.S. 9, 40–47, 88 S.Ct. 1526, 20 L.Ed.2d 388, the Supreme Court held that the Federal Power Commission had the power to order refunds of amounts collected under unconditioned temporary certificates issued pursuant to § 7 of the Natural Gas Act [1] to the extent that the prices charged under those certificates exceeded the eventual in-line price. The cases now before us were briefed and argued before the Sunray DX decision and were held in abeyance to await the outcome of that case.

The petitioners, independent producers of natural gas, contracted for sales of gas produced in Texas Railroad District No. 4. The contracts were made before the Commission's Statement of General Policy No. 61–1.[2] By Opinion No. 362 [3] the Commission fixed an in-line price of 15 cents per Mcf and declined to order refunds. On review of that order,

J. Evans Attwell, Houston, Tex., (W. H. Drushel, Jr., and Vinson, Elkins, Weems & Searls, Houston, Tex., were with him on the brief) for Prado Oil and Gas Co., petitioner in No. 9130.

Sherman S. Poland, Washington, D. C. (Ross, Marsh & Foster, Washington, D. C., and Richard J. Dent, Tulsa, Okl.,

---

1. 15 U.S.C. §§ 717–717w.

2. This statement was issued September 28, 1960. See 24 FPC 818.

3. 28 FPC 401.

the Court of Appeals for the District of Columbia Circuit held that the Commission could order refunds and remanded the case with instructions that the Commission weigh the equities favoring and opposing refunds.[4]

By Opinions Nos. 492 and 492–A,[5] which are here under attack, the Commission held that the producers should report the collections in excess of 15 cents per Mcf "less any amount by which payment of royalties and overriding royalties were increased by reason of the difference between 15 cents per Mcf and the rates actually collected, and also less any amounts by which payments of state production taxes, not now recoupable by credit or in any other manner, were increased by reason of said difference." The producers could retain and commingle the reported amounts "subject to further order of the Commission directing the disposition of those amounts" or they could pay the amounts into escrow. Provisions were made for interest payments.

Later the Commission issued Opinions Nos. 501 and 501–A [6] which affected the producers appearing in the Sunray DX case and which contained similar provisions on refunds. Petitions for review of the orders under these opinions were filed in this court and disposed of by Standard Oil Company of Texas v. Federal Power Commission, 10 Cir., 376 F.2d 578. Consistent with our decision in Sunray DX Oil Company v. Federal Power Commission, 10 Cir., 370 F.2d 181, we held that the Commission was without power to order refunds of excess collections under unconditioned temporary certificates and declined to consider the equities presented. The Supreme Court granted certiorari,[7] heard the matter along with Sunray DX, and reversed.

In its opinion [8] the Supreme Court held that it was appropriate to consider the equities raised without remand "in order that this extended proceeding may at last come to an end." The Court considered and rejected the contentions of the producers and held that the Commission did not exceed its authority in ordering the refunds and properly exercised that authority.[9]

Opinions Nos. 501 and 501–A upheld by the Supreme Court in Sunray DX were issued after Opinions Nos. 492 and 492–A here under review. With the exceptions hereinafter noted, no producer has called our attention to any substantial difference between the situations presented in connection with Opinions Nos. 501 and 501–A upheld by the Court in Sunray DX and those now before us regarding Opinions Nos. 492 and 492–A. Absent exceptional and distinguishing facts, Sunray DX is controlling.

Petitioner Martin is in a unique situation. He did not apply for a temporary authorization but instead sought a permanent certificate. His application was consolidated with others and on November 22, 1960, he was granted such a certificate at a rate of 16 cents per Mcf. On January 19, 1961, the Commission granted a rehearing in the consolidated proceedings. Martin began service in March, 1961. The rehearing was determined on August 30, 1962, by Opinion No. 362 and the rate fixed at 15 cents per Mcf. Nothing was said about Martin's rate from the period between the start of service and the date of Opinion No. 362. Martin, pursuant to the order, filed a rate supplement reflecting the

---

4. Public Service Commission of the State of New York v. Federal Power Commission, 117 U.S.App.D.C. 287, 329 F.2d 242, cert. denied, Prado Oil & Gas Co. v. Federal Power Commission, 377 U.S. 963, 84 S.Ct. 1644, 12 L.Ed.2d 735.

5. 35 FPC 849, 857, and 36 FPC 143.

6. 36 FPC 309 and 962.

7. Federal Power Commission v. Standard Oil Co. of Texas, 389 U.S. 811, 88 S.Ct. 29, 19 L.Ed.2d 64.

8. 391 U.S. 9, 45–46, n. 35, 88 S.Ct. 1526, 1545.

9. 391 U.S. 9, at 47, 88 S.Ct. 1526.

15-cent rate and it was accepted by the Commission. The intervenors in the consolidated proceedings applied for a rehearing of Opinion No. 362 and subsequently sought review thereof. In so doing the intervenors attacked the Commission's refusal to attach refund conditions to the temporary certificates and did not object specifically to the Commission order so far as it related to Martin's permanent certificate. The fact that Martin had produced under a permanent certificate was apparently lost in the confused complexity which seems to be inherent in such proceedings.

Martin says that the August 30, 1962, order was final so far as he is concerned and establishes that no refunds were payable from the time production began and that date. The trouble is that the order is completely silent on the point. It sets the price but says nothing about the liability of Martin for refunds. Three and one-half years later the Commission reopened Martin's docket and required him to show why he should not refund the excess amounts collected. Thereafter Opinion No. 492 required the refunds now in dispute.

In United Gas Improvement Co. v. Callery Properties, Inc., 382 U.S. 223, 86 S.Ct. 360, 15 L.Ed.2d 284, the Court ordered refunds of amounts collected under permanent certificates and said, 382 U.S. at 229, 86 S.Ct. at 364 that "judicial review at times results in the return of benefits received under the upset administrative order." Unlike Callery, the Commission itself corrected the certificating order issued to Martin. The fact that such action was by the Commission rather than by a court makes no difference because Callery says (Id.) that an "agency, like a court, can undo what is wrongfully done by virtue of its order."

■ In the language of the Court in Sunray DX, 391 U.S. at 47, 88 S.Ct. at 1546, "although it is regrettable that the road which led to these refund requirements could not have been straighter," we believe that no inequity results to Martin by the requirement that he refund excessive amounts collected when he was on notice that the allowed rate was subject to revision under the grant of a rehearing of the November 22, 1960 order.

■ Prado objects to the interest requirement on the ground that prior to the refund order Prado had no notice of a refund obligation and had no duty to make refunds. Without regard to when the refund obligation matured, Prado had the use of the excess collections. In Callery the Court said, 382 U.S. at 230, 86 S.Ct. at 364 that the "imposition of interest on refunds is not an inappropriate means of preventing unjust enrichment."

■ Prado also attacks the 7% interest rate as punitive. This is the rate set by Commission Order No. 215–A in 1960.[10] In view of the Court's approval of the 7% rate in Permian Basin Area Rate Cases, 390 U.S. 747, 824, n. 116, 88 S.Ct. 1344, 20 L.Ed.2d 312, the contention of Prado must fail.

■ We have noted the novel arguments of amicus Tenneco relating to the effect of § 157.28 of the Regulations under the Natural Gas Act. The issues presented were not raised by any party on an application for rehearing as required by § 19(b) of the Act and, accordingly, are not before us for review.[11]

The petitions for review are severally denied.

10. 23 FPC 474, 475.

11. See 15 U.S.C. § 717r; State of Wisconsin v. Federal Power Commission, 373 U.S. 294, 307, 83 S.Ct. 1266, 10 L.Ed.2d 357; and Pan American Petroleum Corp. v. Federal Power Commission, 10 Cir., 268 F.2d 827, 830.