**W. S. KILROY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 9358.

United States Court of Appeals
Tenth Circuit.

Oct. 23, 1968.

J. Evans Attwell, and Vinson, Elkins, Weems & Searls, Houston, Tex., filed a statement on behalf of petitioner.

Peter H. Schiff, Sol., Federal Power Commission, filed a statement on behalf of respondent.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner Kilroy seeks review of Opinions Nos. 498 and 498–A, and accompanying orders, of the Federal Power Commission.[1] The issues relate to the authority of the Commission to order refunds on unconditioned temporary certificates granted pursuant to § 7 of the Natural Gas Act[2] and to the manner of exercise of that authority. Six other petitions relating to the same opinions and orders were either filed in or transferred to this court.[3] Because of the pendency of Supreme Court review of our decision in Sunray DX Oil Company v. Federal Power Commission, 10 Cir., 370 F.2d 181, all petitioners agreed that the review of Opinions Nos. 498 and 498–A should be deferred until the Supreme Court had acted on Sunray DX. Accordingly, we ordered all the petitions to be held in abeyance.

In Federal Power Commission v. Sunray DX Oil Co., 391 U.S. 9, 40–47, 88 S. Ct. 1526, 20 L.Ed.2d 388, the Supreme Court upheld not only the authority of the Commission to order such refunds but also the manner in which that authority was exercised in Opinions Nos. 501 and 501–A.[4] We then directed the petitioners attacking Opinions Nos. 498 and 498–A to express their views in regard to further proceedings. All those petitioners except Kilroy have agreed that their petitions should be dismissed.[5] Kilroy urges that the Commission erred in failing to consider his equities and in requiring 7% interest on the refunds.

In Sunray DX the Court upheld the refunds ordered pursuant to Opinions Nos. 501 and 501–A. Those opinions followed Opinions Nos. 492 and 492–A[6] which we considered and upheld in Skelly Oil Company v. Federal Power Commission, 10 Cir., 401 F.2d 726. In that decision we said that, on the refund issue presented, Sunray DX is controlling in the absence of exceptional and distinguishing facts. We have now examined Opinions Nos. 498 and 498–A and the Kilroy petition for review and find no exceptional and distinguishing facts.[7] Accordingly, Sunray DX is decisive.

Kilroy's attack on the interest rate is disposed of in our Skelly opinion mentioned above and needs no further elaboration.

The petition for review is denied.

1. 36 FPC 149 and 981.

2. 15 U.S.C. §§ 717–717w.

3. See our docket Nos. 9220, 9307, 9340, 9341, 9357 and 9359.

4. 36 FPC 309 and 962.

5. Appropriate orders of dismissal were entered on July 15, 1968.

6. 35 FPC 849 and 36 FPC 143.

7. The Commission considered the unusual situation of Kilroy in one of its dockets and ordered no refund in that particular instance. See Opinion No. 498, 36 FPC 149, 153–154.