PAN AMERICAN PETROLEUM COR-
PORATION, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

No. 6003.

United States Court of Appeals
Tenth Circuit.

May 22, 1959.

Rehearing Denied June 30, 1959.

J. P. Hammond, El Paso, Tex. (William J. Grove, Carroll L. Gilliam, and Dow, Lohnes & Albertson, Washington, D. C., were with him on the brief), for petitioner.

Howard E. Wahrenbrock, Solicitor, Federal Power Commission, Washington, D. C., for respondent.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

BRATTON, Chief Judge.

Section 4(c) of the Natural Gas Act, 52 Stat. 821, 15 U.S.C.A. § 717 et seq., provides in presently pertinent part that every natural-gas company shall file with the Federal Power Commission, and shall keep open in convenient form and place for public inspection, schedules showing all rates and charges for any sale of natural gas subject to the jurisdiction of the Commission, together with all contracts which in any manner affect or relate to such rates and charges. Section 4(d) provides in presently pertinent part that, unless the Commission orders otherwise, no change shall be made by any natural-gas company in any rate or charge, or contract relating thereto, except after thirty days notice to the Commission and the public. And section 4(e) provides in presently material part that whenever a new schedule is filed, the Commission shall have authority, upon its own initiative, and upon reasonable notice, to enter upon a hearing concerning the lawfulness of such rate or charge; and that pending the hearing and the decision thereon, the Commission may suspend the operation of such schedule and defer the use of such rate or charge for a period not longer than five months beyond the time when it otherwise would go into effect.

Section 19(a) of the Act provides in presently pertinent part that any person aggrieved by an order issued by the Commission in a proceeding to which such person is a party may apply for a rehearing within thirty days after the issuance of such order; that unless the Commission acts upon the application within thirty days after it is filed, it may be deemed to have been denied; and that no proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereof. And section 19(b) provides that any party to a proceeding under the Act aggrieved by an order of the Commission in such proceeding may obtain a review of such order in the court of appeals of the circuit therein specified, by filing in such court within sixty days after entry of the order of the Commission a written petition seeking review; and that no objection to the order shall be considered by the court unless it shall have been urged before the Commission in the application for rehearing unless there was reasonable ground for failure to do so.

Stanolind Oil and Gas Company was a natural gas producing company. Effective February 1, 1957, the name of the

corporation was changed to Pan American Petroleum Corporation, hereinafter referred to as petitioner. In 1949, Stanolind and El Paso Natural Gas Company entered into a written contract which provided for the sale by the former to the latter of certain natural gas produced in New Mexico. In 1953, the contract was amended to provide for periodic raises in price of the gas, including one effective January 1, 1958. As a result of the decision in Phillips Petroleum Co. v. State of Wisconsin, 347 U.S. 672, 74 S. Ct. 794, 98 L.Ed. 1035, the Commission issued a directive requiring independent producers to file as rate schedules under section 4 of the Act all contracts of sale in effect on June 7, 1954. Pursuant to such directive, the contract together with the amendment referred to herein was filed with the Commission and accepted as the rate schedule effective on June 7, 1954. On December 2, 1957, petitioner transmitted to the Commission a notice that under the terms of the contract a new rate would become effective on January 1, 1958. On December 27, 1957, the Commission accepted the notice as a change in the rate schedule within the meaning of section 4(e) of the Act, suspended its operation for a period of five months, and ordered a hearing to determine the reasonableness of the new schedule. On April 15, 1958, petitioner filed with the Commission a motion to terminate the proceeding, and for other relief. The essence of the motion was that there had not been any change in the rate schedule and therefore the Commission was without jurisdiction to enter the order of December 27, 1957, and proceed pursuant to the terms thereof. On June 3, 1958, the Commission denied the motion. On June 24, petitioner filed an application for rehearing. On July 15, the secretary of the Commission returned the application to petitioner without action thereon by the Commission. On July 15, petitioner filed an appeal to the Commission from the action of the secretary. On July 24, the Commission affirmed the action of the secretary and declined to act upon the application for rehearing. Petitioner filed in this court its petition for review of the order of the Commission entered on June 3, 1958, denying the motion to terminate the proceeding. The Commission filed in this court a motion to dismiss the petition for review. One ground of the motion to dismiss the petition for review is that while the petition purports to seek review of the order of June 3, 1958, it in effect attacks the order of December 27, 1957; and that no application for a rehearing of that order was filed with the Commission within thirty days after its entry. And another ground of the motion to dismiss the petition for review is that the order of the Commission entered on December 27, 1957, as well as the order entered on June 3, 1958, was interlocutory and non-reviewable on direct petition for review in advance of a final order of the Commission. The proceeding is pending on the motion to dismiss the petition for review.

Under the plain terms of section 19(a) of the Act, supra, an application for rehearing of an order entered by the Commission may be filed within thirty days after entry of such order; and no proceeding for judicial review of an order of the Commission shall be entertained unless an application for rehearing thereof shall have been made to the Commission. And under the equally clear terms of section 19(b), no objection to an order of the Commission shall be considered on judicial review unless it shall have been presented to the Commission in an application for rehearing, unless there was reasonable ground for failure to do so. These provisions reflect a studied Congressional policy requiring the complete exhaustion of administrative remedies before resort is had to judicial review. As a means of making such policy effective in respect to proceedings before the Commission relating to rates and schedules, Congress withheld from a court of appeals power to entertain a proceeding to review an order of the Commission unless an application for rehearing of such order was made to the Commission. And Con-

gress also withheld from a court of appeals power to entertain on judicial review any ground of objection to an order of the Commission unless it was urged before the Commission in an application for rehearing, unless reasonable ground existed for failure to do so. The making of an application for rehearing of an order entered by the Commission is an essential prerequisite to the exercise of power of judicial review of such order. And the presentation of a ground of objection in an application for rehearing by the Commission is an indispensable prerequisite to the exercise of power of judicial review of the order on such ground. Federal Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583.

■ While the petition for review filed in this court purported on its face to seek review of the order of the Commission entered on June 3, 1958, it was the order entered on December 27, 1957, accepting the notice as a change in the rate schedule, suspending the change for a period of five months, and directing that a hearing be had respecting the lawfulness of the increased rate, which constituted the asserted infringement of the rights of petitioner. It was that order which effectively denied petitioner the right to charge and collect the increased rate pending the hearing. And it was that order which brought forward for determination the lawfulness of the increase in rate. If petitioner was aggrieved, it was done by the entry of that order. And no petition for its rehearing was filed with the Commission within thirty days after its entry. By its very nature, the filing of the motion to vacate such order and terminate the proceedings was a procedural method employed by petitioner as a means of challenging the order after the time had passed for making an application for rehearing. To permit a dissatisfied party to challenge an order of the Commission in that manner more than thirty days after the entry of such order would effectively circumvent the requirement contained in section 19, supra, for the filing of an application for rehearing within the thirty-day period as a prerequisite to judicial review.

Since the petition for review should be dismissed upon the ground that it seeks in effect review of the order of the Commission entered on December 27, 1957, and no application for rehearing of that order was filed within thirty days after its entry, there is no present need to explore the question whether the petition for review should be dismissed upon the further ground that such order was merely an interlocutory one of procedural requirement and therefore not open to review on petition therefor in advance of a hearing and final order of the Commission. The question whether an order of that kind is reviewable on petition therefor before entry of a final order of the Commission is pretermitted for determination in a case in the future in which application for rehearing was filed within the thirty-day period.

The petition for review is dismissed without prejudice.