Dr. Frederick YATES, M.D., et al.,
Appellants,

v.

Rudolph B. BEHREND et al., Appellees.

No. 15466.

United States Court of Appeals
District of Columbia Circuit.

May 26, 1960.

Mr. Russell Morton Brown, Washington, D. C., for appellants.

Messrs. Herman Miller and F. Joseph Donohue, Washington, D. C., for appellees.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellees have moved to dismiss this appeal as not taken within the time al-

lowed by Fed.R.Civ.P. 73(a), 28 U.S. C.A., namely, thirty days from the entry of the judgment.

Plaintiffs-appellants brought suit in 1953 in the District Court to compel the president of a realty corporation to account for certain parcels of corporation land, alleged to have been improperly transferred to him. In 1958, the defendant president died. On June 22, 1959, after hearing argument, the District Court ordered the complaint dismissed for lack of prosecution. On July 1, 1959, appellants filed a motion for reconsideration. The District Court denied this motion on July 13, 1959. Thereafter, on July 23, 1959, appellants filed a second motion for rehearing and oral argument. This second motion was denied by the District Court on October 16, 1959. Under date of November 12, 1959, appellants put in the mail a notice of appeal to this court from the District Court's orders of June 22 and October 16.[1] The notice was received and filed on November 16.

### The Appeal from the Order of June 22.

The motion to dismiss the appeal from the judgment (the order of June 22) must be granted. The time in which to note an appeal normally runs from the date of entry of judgment. Fed.R.Civ.P. 73(a). Timely motions under Rule 59(b) for a new trial and under Rules 52(b) and 59(e) to amend the judgment (as well as certain other motions not here pertinent) terminate the running of this time.[2] Such motions must be made not later than ten days after entry of the judgment. Thus, in this case appellants' first motion, made on July 1, 1959, was within the ten-day limit.[3] Its effect therefore was to terminate the running of the time in which to appeal from the judgment until the District Court denied the motion on July 13, 1959. The full time—thirty days— in which to appeal from the judgment commenced to run anew from July 13.

Appellants did not, however, promptly appeal from the judgment (the order of June 22). Nor did they appeal from the order of July 13, denying their first motion. Instead, on July 23, they filed a second motion for reconsideration. While this motion was made within ten days of the denial of the first motion, it was not made within ten days after the entry of judgment, as the Rules require. The ten-day time period within which the making of a motion for reconsideration automatically stops the running of the time in which to note an appeal from the judgment is a time period which cannot be extended, except as allowed by the Rules under circumstances here inapplicable. Fed.R.Civ.P. 6(b), 73(a). There is nothing in the Rules to suggest that a second motion for reconsideration, made after the denial of a timely initial motion, has the effect of again terminating the running of the time to appeal from the judgment. Such a construction of the Rules would permit dilatory tactics destructive of the finality of the judgment. The proper construction is that the running of appeal time from the judgment is not suspended

1. The notice of appeal also lists an order entered October 6, but there is no such docket entry or order in the record.

2. Rule 73(a) provides in part: "The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59."

3. For present purposes, it is immaterial whether we treat this motion of July 1 in substance as one for a new trial, Calvin v. Calvin, 1954, 94 U.S.App.D.C. 42, 214 F.2d 226; Fed.R.Civ.P. 59(b), or as a motion to amend the judgment. See Fed.R.Civ.P. 52(b), 59(e).

by merely making a second motion for reconsideration, at least if the latter motion is served more than ten days after the entry of judgment.[4] See 6 Moore, Federal Practice §§ 59.09, 59.13 (1955); Randolph v. Randolph, 1952, 91 U.S.App.D.C. 170, 198 F.2d 956; Marten v. Hess, 6 Cir., 1949, 176 F.2d 834.

The appeal from the judgment, not having been brought within thirty days after July 13, the date of the District Court's decision on the first motion, will accordingly be dismissed.

### The Appeal from the Order of October 16.

The notice of appeal indicates an attempt also to appeal from the order of the District Court dated October 16, 1959, denying appellants' second motion for reconsideration made on July 23. The Rules contain no provisions as to the making of second motions of that sort, nor as to appeals from them. Here, the second motion added but little to what had been advanced in the first, and as to that little no reason was given for failing to bring it forward earlier. The appeal from the judgment itself must, as we have seen, be dismissed. Under the circumstances, to permit an appeal from the denial of the second motion would be to countenance dilatory tactics and to drag out the course of the litigation contrary to fairness to the opposing parties and to the intent of the Rules.[5] See 6 Moore, Federal Practice § 59.13 (1955). Accordingly the appeal from the order of October 16 will be dismissed.

So ordered.

4. We need not express an opinion on the problems which might arise if the second motion is made within the ten-day period, or if the District Court allows oral argument on the second motion. No such circumstance was here involved: the District Court simply denied the second motion, including the request for reargument. Cf. Kelly v. Pennsylvania R. Co., 3 Cir., 1955, 228 F.2d 727.

5. In appropriate circumstances relief might be available under Rule 60(b), or on appeal from the order denying the new trial.

See Eisenberg v. Smith, 3 Cir., 263 F.2d 827, certiorari denied, 1959, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534; John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 1956, 239 F.2d 815; cf. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 482–483, 53 S.Ct. 252, 77 L.Ed. 439. As we have noted, appellants here did not appeal from the order of July 13, denying their first motion. Compare Pan American Petroleum Corp. v. Federal Power Commission, 10 Cir., 1959, 268 F.2d 827, 830.