303 F.2d 716
 James A. GAINEY and J. L. Young, Individually and on Behalf
of Others Similarly Affected, Appellants,
v.
The BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT
HANDLERS, EXPRESS AND STATION EMPLOYEES and The
Pennsylvania Railroad Company.
 No. 13896.
 United States Court of Appeals Third Circuit.
 Argued April 23, 1962.
Decided May 25, 1962.
 
 Lawrence J. Richette, Philadelphia, Pa., for appellants.
 Robert M. Landis, Philadelphia, Pa., for Pennsylvania R. Co.
 Allen S. Olmsted, 2d, Philadelphia, Pa., for Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees.
 Before HASTIE, FORMAN and SMITH, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 Rule 73, Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the running of the time for appeal from a judgment of a District Court is terminated by the timely filing of any of certain designated types of post-judgment motions. The rule makes no specific mention of motions for rehearing or reconsideration. The present motion to dismiss an appeal requires us to consider the effect of a motion to reargue, following a granting of summary judgment, on the running of appeal time.
 
 
 2
 The procedural sequence in the court below was as follows:
 
 
 3
 On December 14, 1960, the court granted a motion of the defendants for summary judgment and entered a final order dismissing the action as to both defendants. On December 21, 1960, the plaintiffs filed a 'Motion to Reargue Motions to Dismiss, In Accordance With Local Rule 34' of the District Court for the Eastern District of Pennsylvania.[1] Other motions were filed at the same time. We do not discuss them because, if the motion to reargue did not toll the running of appeal time, none of the others did.
 
 
 4
 Supervening circumstances beyond the movants' control, among them the untimely death of the trial judge after he had heard argument on the post-judgment motion but before he could decide it, delayed disposition of this matter for almost a year. On December 1, 1961, after a second argument of the motion, the court entered a dispositive order that 'the motion to reargue is denied and the order of Judge Egan, entered December 14, 1960, is adopted and reaffirmed in toto'. On December 26, 1961, the plaintiffs filed their notice of this appeal, stating that they appealed from the order of December 1, 1961.
 
 
 5
 It is understandable that counsel regarded the order of December 1, 1961, with its reaffirmation of the final order of December 14, 1960, as a new final order. However, we think that technically the order of December 14, 1960, remained the effective judgment, particularly since the subsequent order actually denied rehearing. In the circumstances we think we should and we do treat the appeal as taken from the order of December 14, 1960. Cf. United States v. Ellicott, 1912, 223 U.S. 524, 32 S.Ct. 334, 56 L.Ed. 535. Thus, the decisive issue is whether the motion for reargument filed seven days after entry of the final order of December 14, 1960, stopped the running of appeal time.
 
 
 6
 Rule 73 provides that 'the running of the time for appeal is terminated by a timely motion' made pursuant to any of certain enumerated rules, including 'granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59'. Rule 59 has been properly described as 'an amalgamation of the motion for new trial at common law and the petition for rehearing in equity adapted to the unified procedure * * *.' 6 Moore, Federal Practice (2d ed. 1953) P59.02, at 3707. Of course, technically there is no trial when summary judgment is granted. But even before Rule 59 was amended in 1946 to add subsection (e), specifically providing for motions to alter or amend a judgment, the original provision of the Rule authorizing a party to move for a new trial within ten days after judgment was construed by several courts as broad enough to include motions for reconsideration of orders finally disposing of actions before trial. Jusino v. Morales & Tio, 1st Cir. 1944, 139 F.2d 946; Safeway Stores, Inc v. Coe,78 U.S.App.D.C. 19, 1943, 136 F.2d 771, 148 A.L.R. 782. Since the addition of subsection (e) the courts which have considered the problem seem to have experienced no difficulty in concluding that a motion for rehearing or reconsideration made within ten days after the entry of an appealable order is within the coverage of Rule 59 and, therefore, under Rule 73 terminates the running of an appeal time. Yates v. Behrend, 108 U.S.App.D.C. 56, 1960,280 F.2d 64; Salmon v. City of Stuart, Florida, 5th Cir. 1952, 194 F.2d 1004. And see Notes of Advisory Committee on Rules, 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 59. We ourselves have recently indicated that such is the case, although a somewhat what different problem was before us. See Sleek v. J. C. Penney, 3 Cir. 1961, 292 F.2d 256, 257.
 
 
 7
 It follows that local rule 34 of the District Court for the Eastern District of Pennsylvania which provides for 'Motions for Reargument' within ten days after the entry of judgment is a specific authorization of a post-judgment procedure that is covered inferentially by the broader general language of Rule 59. It makes no difference that the motion before us was described as one filed under the local rule rather than Rule 59. As the present case demonstrates, a contrary conclusion would make rules of court a trap rather than guide to counsel.
 
 
 8
 The thirty day period within which the present appeal could be taken began to run anew on December 1, 1961. Appeal was noted within thirty days thereafter, and thus was timely.
 
 
 9
 The motions to dismiss will be denied.
 
 
 
 [1]
 The local rule reads in part as follows:
 'Rule 34. Motions For Reargument.
 '(a) Motions for reargument shall be filed and served within ten (10) days after the entry of the judgment, order or decree upon which reargument is requested. * * *'