From a decree of the Circuit Court of Montgomery County awarding permanent custody of four children and temporary custody of two children to the Alabama Department of Pensions and Security, the natural parents of the six children take this appeal.
The parents and appellants, Mr. and Mrs. Anthony M. Wilger, contend that the award of custody of the children to the Department of Pensions and Security is: (1) not supported by the evidence; and (2) to be reversed, since the statute under which the children were found to be "neglected or dependent" has subsequently been declared unconstitutional.
They also contend that the denial of counsel during in-court and out-of-court proceedings during the seven years preceding the court action from which this appeal is prosecuted constitutes a denial of due process inasmuch as the trial court placed a great deal of emphasis on the evidence and reports accumulated during this period.
As shown infra, the record indicates the filing of the appeal was untimely, thereby precluding consideration by this court of any of the above other than the contention regarding the constitutionality of the statute. With regard to that issue, we find no reversible error and, accordingly, affirm.
A review of the record before this court reveals that on April 7, 1976, the Circuit *Page 531 
Court of Montgomery County found that the Wilger children who are the subject of this litigation were "neglected or dependent" within the meaning of Chapter 7 of Tit. 13 of Alabama Code of 1940. A decree was entered awarding permanent custody of four of these children to the Department of Pensions and Security. The decree also vested temporary custody of two other Wilger children in the Department of Pensions and Security.
On April 16, 1976, the Wilgers filed a Rule 59 (a) ARCP motion for a new trial and a Rule 59 (e) ARCP motion to alter judgment. By the latter motion the parents sought to have custody of their minor children returned to them. On June 21, 1976, these motions were denied by the trial court.
On July 21, 1976, the Wilgers filed another motion in the Circuit Court of Montgomery County seeking to have that court:
 "[R]econsider its order denying the motion for new trial or motion to alter or amend judgment heretofore entered . . ."
The basis asserted therefor was as follows:
 "2. That since the denial of those motions [the Wilgers' April 16 motions], Title 13, Sections 350 and 352 of the Alabama Code has been declared unconstitutional by a three-judge court convened pursuant to 28 U.S.C. § 2281 in Civil Actions No. 75-232-N, 75-233-N, and 75-457-N, Richard Roe, etc. vs. L.T. Conn, etc., Margaret Ann Wombles, etc., vs. L.T. Conn, etc., et al., and Richard Roe, etc., et al., vs. Cecil Coppage, et al.
 "3. That in light of the aforementioned cases a constitutional question is now raised in the instant case as to the standards used in defining neglect and other pertinent parts of Title 13, Sections 350 and 352."
On August 6, 1976, the circuit court entered its order denying the parents' July 21, 1976, motion. On September 14, 1976, the parents filed notice of appeal and in brief argue those issues hereinabove set forth.
 I
Rule 4 (a)(1), ARAP, requires filing notice of appeal within 42 days of the entry of the judgment or order appealed from. Subsection (a)(3) of this rule further provides:
 "The filing of a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. . . ."
Thus, the parents' 59 (a) and 59 (e) motions of April 16, 1976, suspended the running of the time for appeal.
Rule 4 (a)(3), ARAP, also states that ". . . the full time fixed for filing a notice of appeal shall be computed from the date . . . of an order granting or denying such motion." The order denying the Wilgers' 59 (a) and 59 (e) motions was entered on June 21, 1976. Thus, unless the July 21 motion suspended the running of the time for appeal, notice of which was filed on September 14, 1976, such appeal is untimely as it was filed more than 42 days subsequent to June 21, 1976.
The July 21 motion did not toll the running of the time for appeal.
 "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4 (a) does not again terminate the running of the time for appeal. An initial motion to reconsider the judgment is a motion under Civil Rule 59 (e) and does terminate the running of the time for appeal. But a motion to reconsider the reconsideration does not terminate the running of the time for appeal. The fair and obvious reading of Rule 4 (a), as well as its rationale, compels such a result, and the courts are in accord." (9 Moore's Federal Practice, ¶ 204.12 (1), 951-52) [Footnotes omitted.]
The rationale for the preceding statement is clear. A motion toreconsider a ruling on a Rule 59 motion is not a motion of the type encompassed within Rule 59. Therefore, its filing does not suspend the running of the time for appeal, as Rule 4 (a)(3) specifically provides that only motions filed pursuant to Rule 59 (and other rules herein inapplicable) *Page 532 
have that effect. Randolph v. Randolph, 91 U.S.App.D.C. 170,198 F.2d 956 (1952).
Moreover, as stated by the United States Court of Appeals for the District of Columbia in Yates v. Behrend, 108 U.S.App.D.C. 56, 280 F.2d 64 (1960):
 "There is nothing in the Rules to suggest that a second motion for reconsideration, made after the denial of a timely initial motion, has the effect of again terminating the running of the time to appeal from the judgment. Such a construction of the Rules would permit dilatory tactics destructive of the finality of the judgment. The proper construction is that the running of appeal time from the judgment is not suspended by merely making a second motion for reconsideration, . . ." (280 F.2d at 65-66)
In similar circumstances other courts have reached the same conclusion we reach herein — that filing of a motion to reconsider an order denying a new trial or refusing to alter or amend a judgment does not suspend the running of the time for appeal. Ellis v. Richardson, 471 F.2d 720 (5th Cir. 1973);Dockery v. Travelers Co. of Hartford, Connecticut,349 F.2d 1017 (5th Cir. 1965); Marten v. Hess, 176 F.2d 834 (6th Cir. 1949); Yates and Randolph, supra. The appeal having been untimely, this court is precluded from considering the Wilgers' contentions with respect to the sufficiency of evidence and lack of representation of counsel.
 II
The Wilgers' appeal was filed on September 14, 1976, within 42 days after the August 6 entry of the order disposing of their July 21, 1976, motion. As shown from above, the motion was premised on the decision of a three judge federal court in the Middle District of Alabama holding pertinent provisions of Tit. 13, §§ 350, 352, Code of Alabama, unconstitutional. Although not reflected by the record, the decision of that federal court was rendered on July 6, 1976. Hence, the Wilgers could not have brought this matter to the attention of the trial court when they made their initial Rule 59 motions on April 16, 1976.
We have already indicated that the Rules contain no provision for making a motion to reconsider the overruling of a Rule 59 motion. Neither do they provide for taking appeals therefrom. Hence, this appeal could be dismissed in its entirety. Yates,supra.
However, a liberal interpretation of the July 21 motion allows it to be construed as a Rule 60 (b) motion. Although a 60 (b) motion does not suspend the running of the time for appeal, one may prosecute an appeal solely with respect to the trial court's ruling on the 60 (b) motion.
 "An order denying a 60 (b) motion is a final orde and appealable as such. While the denial order brings up for review the matters pertinent thereto, it does not bring up the judgment for review." (7 Moore's Federal Practice, ¶ 60.30[3], 430-31) [Footnotes omitted.]
Able counsel for appellant at oral argument concedes that the July 21 motion is a Rule 60 (b) motion.
In furtherance of the objectives of promoting fairness and reaching the merits of as many of the litigants' contentions as is legally permissible, this court considers the Wilgers' July 21 motion as a Rule 60 (b) motion. Cogent arguments can be advanced for entertaining the motion pursuant to either 60 (b)(5) or 60 (b)(6); and as already pointed out, such an interpretation permits this court to review the trial court's August 6 order.
The determination of whether to grant or deny relief pursuant to Rule 60 (b) is largely a matter within the judicial discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Bank of America Nat.Trust Sav. Ass'n. v. Mamakos, 509 F.2d 1217 (9th Cir. 1975); and numerous cases cited in 7 Moore's Federal Practice, ¶ 60.19, pp. 227-31. Here, we cannot say the trial court's action falls within the category of conduct deemed arbitrary, thereby warranting reversal as an abuse of discretion. *Page 533 
The relevant statutory provision had not been declared unconstitutional on June 21, 1976, when the trial court disposed of the Wilgers' Rule 59 motions. This June 21 order reinstated the finality of the April 7 judgment previously rendered by the Circuit Court of Montgomery County. Hence, granting the Wilgers' July 21 60 (b) motion would have necessitated retroactive application of the July 6 three judge federal court decision. The Supreme Court of the United States has stated the following with respect to the issue of whether a holding that a statute is unconstitutional is to be given retroactive effect:
 "The actual existence of a statute, prior to such a determination [that it is unconstitutional], is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, — with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. . . ." (Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 318, 84 L.Ed. 329 [1940])
No erudite analysis is required to articulate the detrimental impact retroactive application of the three judge federal court decision would impose upon the lives of the many children who had become wards of the state and permanently cared for as the circumstances dictated. We deem the pitfalls of such a course of action to be patently obvious. The adverse consequences likely to befall numerous individuals who acted in reliance on the statute outweigh any merit to be derived through retroactive application of the three judge federal court decision declaring the statute unconstitutional. Lemon v.Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973);Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349,30 L.Ed.2d 296 (1971); Cipriano v. City of Houma, 395 U.S. 701,89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
 "Where a decision of this court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the `injustice or hardship' by a holding of nonretroactivity. . . ." (Cipriano, supra, at 706, 89 S.Ct. at 1900)
From what we have said above, it follows that the trial court did not abuse its discretion in denying the Wilgers' 60 (b) motion. Moreover, we would additionally note that this court is not bound by the decision of the three judge federal court with regard to the constitutionality of Tit. 13, §§ 350, 352, Code of Alabama. Smith v. State of Alabama, Dept. of Pensions andSecurity, Ala.Civ.App., 340 So.2d 34 (1976); Minniefield v.State, 47 Ala. App. 699, 260 So.2d 607 (1972).
The action of the Circuit Court of Montgomery County is due to be and is, accordingly, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.