**Tommy A. ROQUE, Plaintiff,**

v.

**CITY OF REDLANDS, Redlands Police Department, Charles De Mirjyn, Mayor of Redlands, Robert Brickely, Chief of Police, Terry Q. Harbison, Officer, Officer Macala, Officer Williamson, Officer L. Knapp and Officer F. A. Wildlund, Defendants.**

**No. CV 78-0993-AAH.**

United States District Court, C. D. California.

July 21, 1978.

**434**

Eugene A. Bambic, Studio City, Cal., for plaintiff.

Edward F. Taylor by Bruce C. Atkins, Redlands, Cal., for defendants.

## DECISION AND ORDER

HAUK, District Judge.

This matter arises from plaintiff's "Motion To Alter or Vacate Judgment" and came on regularly for hearing on July 17, 1978. Plaintiff's counsel submitted the matter on the pleadings; defendants' counsel appeared but did not orally argue the matter. After considering the motion, the parties' respective points and authorities, all other pleadings on file in this case, and all applicable principles of law, the Court, being fully advised in the premises, hereby denies the plaintiff's motion to alter or vacate judgment.

## I. BACKGROUND

This is an action in which the plaintiff, Tommy A. Roque, alleges that on August 2, 1977, several officers in the Police Department of the City of Redlands deprived him of certain of his constitutional rights. Plaintiff Roque alleges specifically that the officers arrested him without a warrant or probable cause, Complaint ¶ VI, seized, battered, and assaulted him without cause, *id.* ¶ VII, and shoved, struck, and hit him without cause, *id.* ¶ VIII. Plaintiff bases this action on 42 U.S.C. § 1983, *id.* ¶¶ I–VIII, and also makes a claim under the fourteenth amendment, *id.* ¶ XI. In addition to suing the five individual officers directly involved in the incident, the complaint named the City of Redlands, the Redlands Police Department, Charles De Mirjyn (Mayor of the City of Redlands), and Robert Brickely (Chief of Police of the City of Redlands) as defendants.

The five officer-defendants have answered this complaint, denying the plaintiff's allegations. The other defendants—the city, the police department, the mayor, and the chief of police—jointly moved this Court to dismiss the action against them on the ground that the complaint failed to state a claim upon which relief could be granted. On May 30, 1978, after due and full consideration of that motion, the parties' pleadings, all relevant authorities, and oral argument, the Court granted this motion to dismiss with prejudice. The Court ruled that the complaint failed to state a § 1983 claim against the city and police department because neither body is a "person" within the meaning of § 1983; that the complaint failed to state a § 1983 claim against the mayor and police chief because it did not allege any personal involvement by them in the alleged unlawful activities; and that the complaint failed to allege any facts sufficient to give rise to a violation of the fourteenth amendment by the moving defendants. The Court entered a written order dismissing these defendants on June 14, 1978.

The plaintiff, citing rules 59(e), 60(b), and 15(a) of the Federal Rules of Civil Procedure, has now filed a "Motion To Alter or Vacate Judgment." Plaintiff argues essentially that the complaint did state a claim against defendant Brickely and that he

should be afforded an opportunity to amend his complaint against all the defendants already dismissed. The defendants involved oppose the motion, arguing that it is not timely under rule 59(e), lacks merit under rule 60(b), and has no basis under rule 15(a).

## II. DISCUSSION

### A. Rule 59(e) Motion

■ Rule 59(e) of the Federal Rules of Civil Procedure permits the Court to alter or amend a judgment. While rule 59 motions are usually utilized following a trial, such motions are also permissible in cases, such as this case, in which the Court enters an order of dismissal. *See, e. g., American Trial Lawyers Ass'n v. New Jersey Supreme Court,* 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973) (per curiam). *See generally* 6A Moore's Federal Practice, ¶ 59.03. Rule 59(e) specifies, however, that motions to alter or amend a judgment "shall be served not later than 10 days after entry of the judgment." *See generally* C. Wright & A. Miller, Federal Practice and Procedure, § 2812 (1973).

■ In this case, the order of dismissal which plaintiff seeks to alter was entered on June 14, 1978, and the plaintiff served this motion on the defendants on June 28, 1978. Thus, the plaintiff served the motion 14 days after the entry of the order, 4 days beyond the 10-day period specified in rule 59(e). For this reason, the Court must deny the motion to alter the judgment insofar as it rests upon rule 59(e). *Accord, e. g., Yates v. Behrend,* 108 U.S.App.D.C. 56, 280 F.2d 64 (1960); *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.,* 239 F.2d 815, 817 (3d Cir. 1956); *Mroz v. Dravo Corp.,* 293 F.Supp. 499, 507 (W.D.Pa.1968), *affirmed,* 429 F.2d 1156 (3d Cir. 1970).

### B. Rule 60(b) Motion

■ Rule 60(b) of the Federal Rules of Civil Procedure permits the Court, upon a motion made within a reasonable time, to relieve a party from a judgment or order for a number of reasons, such as fraud, mistake, or newly discovered evidence.

Plaintiff here suggests that relief from the Court's prior dismissal order is appropriate under rule 60(b)(6), a general catchall provision allowing the Court to relieve a party from a judgment or order "for any reason justifying relief from the operation of the judgment."

Plaintiff argues that he is entitled to relief under this provision of rule 60(b)(6) because his original complaint did state a claim upon which relief could have been granted against defendant Robert Brickely. *See* Points and Authorities In Support of Plaintiff's Motion To Alter or Vacate Judgment at 6–11. The defendants, on the other hand, argue that the general catchall provision of rule 60(b)(6) is reserved for "extraordinary" cases and should not substitute for an appeal. *See* Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion To Alter or Vacate Judgment at 3–5.

As suggested by the defendants, the Court must consider the rule 60(b)(6) motion by a very narrow standard:

> Like 60(b) generally, clause (6) cannot be used as a substitute for appeal. Absent exceptional and compelling circumstances, a party will not be granted relief from a judgment under clause (6) even though relief from the judgment might have been obtained had an appeal been taken.

7 Moore's Federal Practice, ¶ 60.27[1], at 348. *Accord,* 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2864 (1973).

Here, the plaintiff has not demonstrated the requisite "exceptional or compelling circumstances" justifying relief from this Court's order of dismissal. The plaintiff only contends that the Court erred in dismissing defendant Robert Brickely because he properly alleged a "covert conspiracy" among the defendant officers of the Redlands Police Department, including its chief, Robert Brickely, to deprive the plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983 and the fourteenth amendment. Even if the complaint did properly state a claim for relief against defendant

Brickely, and even if the Court erred in dismissing defendant Brickely, the plaintiff has not met his burden of demonstrating the necessary "exceptional and compelling circumstances" which would justify relief under rule 60(b)(6). Rather, the plaintiff's proper remedy would lie by way of appeal. *See Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729 (9th Cir. 1971) (per curiam), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Wagner v. United States,* 316 F.2d 871 (2d Cir. 1963) (per curiam); *Annat v. Beard,* 277 F.2d 554, 559 (5th Cir. 1960); *Stewart Securities Corp. v. Guaranty Trust Co.,* 71 F.R.D. 32 (W.D.Okl.1976). Therefore, the Court denies the plaintiff's motion to vacate the order of dismissal insofar as it rests upon rule 60(b)(6).

### C. Rule 15(a) Motion

Plaintiff has also moved for leave to file an amended complaint against the city, the police department, the mayor, and the police chief under rule 15(a) of the Federal Rules of Civil Procedure. *See* Points and Authorities in Support of Plaintiff's Motion To Alter or Vacate Judgment at 12–14.

██ The Court may consider a rule 15(a) motion for leave to amend which follows an order or judgment of dismissal only if the Court first alters, vacates, or sets aside the order or judgment under either rule 59 or rule 60(b). *See* 3 Moore's Federal Practice, ¶ 15.10, at 959; 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1489, at 445 (1971). In this case, the plaintiff has not even moved under either rule 59 or 60(b) in connection with the city, police department, or mayor. In addition, the Court has already denied the plaintiff's motions under rules 59(e) and 60(b) with respect to defendant Brickely. Thus, since the Court has not altered, vacated, or otherwise set aside its prior order of dismissal with prejudice, the Court lacks the power to consider the rule 15(a) motion.

Furthermore, even if the Court had the power to consider the motion for leave to file an amended complaint, the Court would likely deny the motion because the proposed amendments appear futile in two respects.

First, the proposed first amended complaint would likely fail to state a claim upon which relief could be granted against the defendant city and the defendant police department under § 1983 because the complaint does not allege a "government's policy or custom" or something "representing official policy" as required for § 1983 liability in the context of governmental bodies by the recent Supreme Court decision, decided after this Court granted the defendants' motion to dismiss, of *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The proposed first amended complaint attempts to impute liability to the city and police department for the acts of the defendant officers. *See* Proposed First Amended Complaint, ¶¶ XIV, XVI, XVIII. In *Monell,* however, the Supreme Court, while holding that governmental bodies are potentially liable under § 1983, specifically held that such bodies cannot be held liable solely on the basis of the respondeat superior doctrine. 436 U.S. 658, 98 S.Ct. 2018.

Second, the proposed first amended complaint contains a new cause of action against the city, police department, mayor, and police chief for negligence in the selection, retention, training, and supervision of the individual officers actually involved in the alleged incident. *See* Proposed First Amended Complaint, ¶¶ XIX–XXII. The Court would not likely permit this amendment because the proposed new cause of action, asserted to be within this Court's jurisdiction under the pendent jurisdiction doctrine, does not appear to meet the test for pendent jurisdiction set forth by the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), because the state law negligence claim is not derived from the same nucleus of operative facts as the § 1983 and fourteenth amendment claims against the officers. *See United Mine*

*Workers v. Gibbs,* 383 U.S. at 725–27, 86 S.Ct. 1130.

## III.  CONCLUSION

In accordance with the preceding discussion, the Court concludes that it must:

(1) deny plaintiff's motion insofar as it rests upon rule 59(e) because the plaintiff did not serve the motion within the 10-day time period specified in that rule;

(2) deny plaintiff's motion insofar as it rests upon rule 60(b)(6) because the plaintiff has not shown the requisite exceptional or compelling circumstances necessary to justify relief from the Court's prior order of dismissal with prejudice; and

(3) deny plaintiff's motion insofar as it rests upon rule 15(a) because the Court must alter, vacate, or set aside its order of dismissal with prejudice before considering a motion to amend and because the Court has here denied the plaintiff's motion to alter or vacate that order.

LET THE APPROPRIATE ORDER BE ENTERED ACCORDINGLY.

## ORDER

For the foregoing reasons specified in the accompanying Decision, the Court hereby denies plaintiff's "Motion To Alter or Vacate Judgment."