This is an appeal resulting from the trial court's order denying Defendant's motion *Page 922 
for directed verdict, made at the close of the Plaintiffs' evidence, as well as the denial of its alternative motion for judgment notwithstanding the verdict.
We deny the Appellees' motion to dismiss the appeal; affirm the order granting a new trial; affirm the denial of defendant's motions for directed verdict and for judgment notwithstanding the verdict; and remand the cause to the trial court for further proceedings.
 FACTS
Billy W. Newton and Billie Faye Newton filed a complaint against Sunshine Homes, Inc. (Sunshine), and Shelby County Mobile Homes (Shelby)[1] alleging breach of contract and breach of implied warranties. At the close of the Plaintiffs' evidence, Defendant Sunshine moved for a directed verdict, which was denied. Sunshine did not renew its motion for directed verdict at the close of all the evidence. The jury returned a verdict in favor of the Newtons and against Shelby for $10,000, and in favor of the Newtons and against Sunshine for $40,000.
On March 3, 1983, Sunshine filed a "Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial." The transcript shows that the court entered an order on April 8, 1983, granting Sunshine a new trial, but making no reference to any disposition of the motion for JNOV. On April 12, 1983, the Newtons filed a motion for reconsideration of the court's order granting Defendant's motion for new trial. On May 4, 1983, Sunshine filed a notice of appeal. Plaintiffs thereafter filed a motion to dismiss the appeal as prematurely filed.
 ISSUES
Three issues are presented for this Court's determination: 1) Does Plaintiffs' motion for reconsideration toll or extend the time for taking an appeal? 2) Can Sunshine properly appeal pending disposition of Plaintiffs' motion? 3) In the event the notice of appeal was timely filed (i.e., not filed prematurely), did the trial court err in granting a new trial, as opposed to a JNOV, where Sunshine did not move for a directed verdict at the close of all the evidence?
 DECISION I and II Motion to Dismiss Appeal (Timeliness and Prematurity)
At the outset, we should explain that we have postulated the timeliness issue from the implications of Appellees' argument in support of their motion to dismiss the appeal. Given the fact, as here, that Sunshine filed its notice of appeal well within the 42-day period following the trial court's ruling on its post-judgment motion, seasonable filing of the notice of appeal, strictly speaking, is not in issue. Appellees argue, however, that the pendency of their reconsideration motion, testing the propriety of the trial court's order granting a new trial, rendered the appeal premature. In other words, Appellees do not argue that the appeal was taken beyond the allowable 42-day period, but that it was taken prematurely.
Because the answer to this question depends upon the efficacy of Appellees' motion to reconsider as a Rule 59 (e) motion tolling the time for taking an appeal, we deem the resolution of the timeliness issue essential to our disposition of Appellees' motion to dismiss. That is to say, whether the appeal was taken prematurely depends upon whether the time for taking the appeal commenced to run upon the entry of the order granting a new trial, or whether it commenced to run upon the trial court's subsequent ruling on Plaintiffs' motion to reconsider. Thus, because the two inquiries — timeliness and prematurity — are essentially one and the same, we merge our discussion of these two issues.
Plaintiffs' motion for reconsideration of the trial court's order granting a new trial *Page 923 
may appear, at first blush, to be a timely filed Rule 59 (e) motion, thus further tolling the time for appeal. But, as we shall see, this is not a correct interpretation of such a post-judgment motion. The Court of Civil Appeals dealt with a situation somewhat similar to the case at bar in Wilger v.Department of Pensions and Security, 343 So.2d 529
(Ala.Civ.App. 1977). In Wilger, a judgment was entered adverse to the Wilgers; whereupon, on April 16, 1976, they filed a Rule 59 (a) motion for a new trial and a Rule 59 (e) motion to alter judgment. On June 21, 1976, these motions were denied by the trial court.
On July 21, the Wilgers filed a motion to reconsider the order denying their Rule 59 (a) and Rule 59 (e) motions. This motion was denied on August 6, 1976. The notice of appeal was filed on September 14, 1976. The court, determining that the July 21 motion to reconsider did not toll the running of the time for appeal, quoted 9 Moore's Federal Practice, ¶ 204.12 (1), 951-52:
 "`A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4 (a) does not again terminate the running of the time for appeal. An initial motion to reconsider the judgment is a motion under Civil Rule 59 (e) and does terminate the running of the time for appeal. But a motion to reconsider the reconsideration does not terminate the running of the time for appeal. The fair and obvious reading of Rule 4 (a), as well as its rationale, compels such a result, and the courts are in accord.'"
The Wilger Court continued:
 "The rationale for the preceding statement is clear. A motion to reconsider a ruling on a Rule 59 motion
is not a motion of the type encompassed within Rule 59. Therefore, its filing does not suspend the running of the time for appeal, as Rule 4 (a)(3) specifically provides that only motions filed pursuant to Rule 59 (and other rules herein inapplicable) have that effect. Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956 (1952).
 "Moreover, as stated by the United States Court of Appeals for the District of Columbia in Yates v. Behrend, 108 U.S.App.D.C. 56, 280 F.2d 64 (1960):
 "`There is nothing in the Rules to suggest that a second motion for reconsideration, made after the denial of a timely initial motion, has the effect of again terminating the running of the time to appeal from the judgment. Such a construction of the Rules would permit dilatory tactics destructive of the finality of the judgment. The proper construction is that the running of appeal time from the judgment is not suspended by merely making a second motion for reconsideration, . . .' (280 F.2d at 65-66)
 "In similar circumstances other courts have reached the same conclusion we reach herein — that filing of a motion to reconsider an order denying a new trial or refusing to alter or amend a judgment does not suspend the running of the time for appeal. Ellis v. Richardson, 471 F.2d 720 (5th Cir. 1973); Dockery v. Travelers Co. of Hartford, Connecticut, 349 F.2d 1017
(5th Cir. 1965); Marten v. Hess, 176 F.2d 834 (6th Cir. 1949); Yates and Randolph, supra." (Emphasis original) 343 So.2d at 531-532.
It is clear, in the present case, that Plaintiffs' motion to reconsider a ruling on a Rule 59 motion is not itself a post-judgment motion contemplated by the rule. Otherwise stated, while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court's reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal. We recognize that Wilger dealt with a situation where the second motion sought reconsideration of the order denying
the first motion, and that here we are dealing with a situation where the second motion seeks reconsideration of an ordergranting the first motion. Nevertheless, we adopt the reasoning of the Court of Civil Appeals in Wilger, and extend it to hold also that a motion to reconsider an *Page 924 
order granting a post-trial motion does not suspend the running of the time for taking an appeal.
It follows, then, that Sunshine can appeal, notwithstanding Plaintiffs' pending motion for reconsideration.[2] Because Plaintiffs' motion does not toll the time for taking an appeal, it would be illogical to require Sunshine to delay filing a notice of appeal. If disposition was required before appeal, the time for appeal could expire before the trial court ruled on the motion. Indeed, we find nothing in the Rules mandating that the trial court entertain a post-judgment request for reconsideration of its disposition of a Rule 59 motion. Certainly, once an appeal is timely filed, following the disposition of a Rule 59 motion, the trial court loses jurisdiction and cannot entertain a motion for reconsideration of its prior ruling.
 III On the Appeal (Necessity of Directed Verdict Motion)
Plaintiffs submit that Sunshine's post-judgment motion for JNOV was improper, because Sunshine had not moved for a directed verdict at the close of all the evidence. We agree. InGreat Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979), the Court said:
 "We find the procedures contained in Rule 50 devise a precise plan for attacking the sufficiency of the evidence. This plan recognizes the important role played by the trial judge in determining that sufficiency. The final step in preserving appellate review of the sufficiency of the evidence in a jury trial is the making of a timely motion for J.N.O.V. Failure to make that motion prohibits appellate review of the sufficiency of the evidence. This is one reason a motion for directed verdict must be made at the close of all the evidence. Failure to make the latter motion at the close of all the evidence precludes the party complaining of the insufficiency of the evidence from later making a motion for J.N.O.V. See Rule 50, ARCP. This preclusion, thus, prevents the appellate court from reviewing the sufficiency of the evidence in a jury trial. See Delchamps, Inc. v. Borkin, [429 F.2d 417 (5th Cir. 1970)]. For this Court to review a jury verdict on the ground there was insufficient evidence to support it, both a motion for directed verdict at the close of all the evidence and a post-trial motion for J.N.O.V. must be made." (Emphasis supplied.) 374 So.2d at 881-882.
We have no alternative but to decline to review Sunshine's assertion that insufficient evidence was presented against it at trial, due to its failure to move for a directed verdict at the close of all the evidence.
We hold, therefore, that the motion to dismiss the appeal filed by Sunshine Homes, Inc., is due to be, and it hereby is, denied; the judgment granting a new trial is affirmed; and the cause is remanded to the trial court for further proceedings pursuant to its order granting a new trial.
MOTION TO DISMISS DENIED; AFFIRMED; REMANDED FOR A NEW TRIAL.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Shelby was not represented at trial and is not party to this appeal.
[2] Appeal from an order granting a new trial is authorized by Code 1975, § 12-22-10, though such an order is interlocutory.