PER CURIAM.
By way of the clerk’s record and the briefs of the parties, we discern the following facts:[1]
Vanzant (plaintiff/appellee) purchased all of the capital stock in Arrow Truck Lines, Inc. (“ATL”), from Powell and Johnston (defendants/appellants). During the negotiations for this sale, the defendants represented to Vanzant that ATL owned the right to receive installment payments on several trucks that Central Hauling and Escorting, Inc., had purchased from ATL. These representations turned out to be false — title to the trucks remained in Defendant Powell or in a corporation known as Lease, Inc. (and thus was not an ATL asset), and the trucks were all encumbered by financial obligations either to a bank or to Lease, Inc.
Vanzant was forced to obtain a Chapter 11 bankruptcy order under which he was able to continue to operate ATL, and he sued the defendants for fraud and misrepresentation and claimed both compensatory and punitive damages. The defendants counterclaimed, also alleging fraud and misrepresentation; they alleged, as a basis of their claim, 1) that Vanzant had not paid the defendants for the purchase of ATL; 2) that Vanzant was not entitled to continue operating ATL under the order of the bankruptcy court but had done so anyway; and 3) that Vanzant had misrepresented facts to the defendants and thus had unlawfully obtained control of ATL.
The case was tried in the Jefferson County Circuit Court before a jury. There was *1226 no court reporter present for the trial and there is no trial record except the pleadings and the “case action summary sheet.” The defendants took no depositions during the discovery phase of the trial, nor did they propound interrogatories or requests for admissions. Vanzant did propound a rather lengthy set of interrogatories to the defendants but, despite several motions to compel, the defendants’ answers were apparently not filed.
The defendants did not move for a directed verdict at any time. The jury returned a verdict for Vanzant on his claims and on the defendants’ claims and awarded Van-zant damages totalling $200,000. The trial court entered a judgment on the verdict. The defendants filed a post-judgment “motion to set judgment aside or, in the alternative, for a new trial,” the introductory paragraph of which requested that the trial court enter a judgment in favor of the defendants “in accordance with a Motion for Directed Verdict,” or, in the alternative, “set aside the verdict and grant defendants a new trial.”
As grounds for their post-judgment relief, the defendants alleged:
1) That they had, after trial, discovered that Jim Sizemore was the state commissioner of revenue at the time of the trial; therefore, they said, his representation of Vanzant violated Ala. Code 1975, § 40-2-41[2]; '
2) that Vanzant did not prove his claims regarding General Hauling and Escort, Inc., and Escort, Inc.; therefore, they argued, there was no proof of misrepresentation and fraud (as to the title to the trucks) on the part of the defendants;
3) that Vanzant did not pay the amounts he was obligated to pay under his contract with the defendants for the purchase of ATL, and thus, that the trial court erred in refusing the defendants’ requested jury charges regarding the damages due the defendants on their counterclaim;
4) that the trial court erred in not allowing into evidence the bankruptcy judgment regarding ATL, which they say “would have given the jury a different view of the case”;
5) that the trial court erred in not allowing the defendants to present evidence from the ATL bankruptcy proceeding;
6) that the trial court erred in refusing the defendants’ requested jury charges regarding their counterclaim allegations involving property allegedly obtained fraudulently by Vanzant from the defendants;
7) that the defendants had newly discovered evidence that Vanzant had obtained property from the defendants without paying for it;
8) that the defendants had newly discovered evidence regarding the falsity of Van-zant’s “surprise” trial testimony;
9) that the verdict was contrary to the law;
10) that the verdict was contrary to the great weight of the evidence;
11) that the verdict was the result of mistake or excusable neglect on the part of the defendants;
12) that Vanzant failed to meet his burden of proof regarding his allegations of fraud and misrepresentation;
13) that Vanzant had known of the existence of the pre-existing obligation to Lease, Inc. (the basis of Vanzant’s suit); and
14) that Vanzant had failed to prove by clear, convincing, and satisfactory proof that the defendants were liable under the complaint.
Vanzant filed a response to the defendants’ post-judgment motion in which he denied the defendants’ allegations; claimed that the defendants had known for several months prior to the trial that Mr. Sizemore held the state office and had raised no objection to his “involvement” in the case until they filed the post-judgment motion; stated that the defendants had not filed a *1227 directed verdict motion and therefore could not later move for J.N.O.V.; and alleged that the “newly discovered evidence” and the plaintiff’s false “surprise testimony” claimed by the defendants were (if they existed at all) the result of a lack of due diligence on the part of the defendants during the four years the case was pending prior to trial.
Affidavits of the defendants and two non-parties were submitted in support of the defendants’ post-judgment motion. That motion was heard in April 1989, and a transcript of that hearing is attached to the record on appeal. After the hearing, Judge Rogers denied the defendants’ post-judgment motion and they filed this appeal.
The defendants raise the following issues on appeal:
1) An alleged insufficiency of the evidence to support a verdict for Vanzant on his claims against the defendants;
2) an alleged insufficiency of the evidence to support a verdict for Vanzant on the defendants’ counterclaim; and
3) whether Jim Sizemore’s representing Vanzant violated § 40-2-41 and improperly influenced the jury.
As to the defendants’ issues involving the sufficiency of the evidence, we note that under settled law the defendants’ failure to file a directed verdict motion at the close of all the evidence prohibits their raising these issues via a post-judgment motion for JNOV.
“A post-trial motion for JNOV, like a trial motion for a directed verdict, is the proper procedural device for challenging, among other things, evidentiary sufficiency, and permits the trial court to revisit its earlier ruling denying the motion for directed verdict. Coastal Concrete Co. v. Patterson, 503 So.2d 824 (Ala.1987). It is a procedural absolute that a motion for JNOV, based on the ‘insufficiency of the evidence,’ is improper if the party has not moved for a directed verdict on the same ground at the close of all the evidence. Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983); and Rule 50, A.R.Civ.P.”
Barnes v. Dale, 530 So.2d 770, 776 (Ala.1988).
Even if the defendants’ argument regarding their allegation of error in Mr. Sizemore’s involvement in the case could be reviewed under the defendants’ “motion for new trial” portion of their post-judgment motion, they nonetheless could not prevail. The trial court observed the witnesses and heard their testimony; it observed the manner in which the jury was chosen and noted the questions asked of them regarding the counsel for both parties; it supervised the conduct of the trial itself; it entered a judgment on the jury’s verdict; and it overruled the defendants’ post-judgment motion after being further informed by briefs and a hearing on the issues raised by the motion. Further, there is no trial record from which this Court could determine that the trial court abused its discretion in this case or that the judgment is against the great weight of the evidence. See, e.g., Rule 59(a), A.R.Civ.P.; White v. Fridge, 461 So.2d 793 (Ala.1984) (right of jury trial, sanctity of jury verdict, presumption of correctness of jury verdict, and hesitancy to grant new trial); and Welch v. Jones, 470 So.2d 1103 (Ala.1985) (power to grant or deny motion for new trial based on newly discovered evidence is within trial court’s discretion and such a motion should not be granted unless it is shown that the evidence could not have been discovered with due diligence before trial, is not merely cumulative or impeaching, and would result in a different verdict if a new trial was allowed).
Therefore, because we find no basis for reversal, the judgment appealed from is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.

. No court reporter's transcript of the evidence at trial is contained in the record on appeal.

. That Code section provides: "The commissioner of revenue ... shall not hold any position of trust or profit or engage in any occupation or business the conduct of which shall interfere or be inconsistent with the duties he assumes as commissioner of revenue under the provisions of this title_”