ROBERTSON, Presiding Judge.
Mutual Savings Life Insurance Company (“MSLIC”) appeals from an order of the Montgomery County Circuit Court granting Alsie M. Smith’s motion, filed pursuant to Rule 59, Ala.R.Civ.P., for a *647 new trial on her claims against MSLIC. We dismiss the appeal as untimely.
Smith sued MSLIC and two of its agents in the trial court. After the two agents were dismissed, the case was tried beforé a jury, and a verdict was rendered in favor of Smith. The trial court entered judgment on the jury verdict on June 27, 1996. On July 25, 1996, within 30 days of the entry of judgment (see Rule 59(b), Ala.R.Civ.P.), Smith moved for a new trial. After MSLIC filed a response in opposition, and after a hearing, the trial court entered an order granting Smith’s motion for a new trial on September 23, 1996.
On October 22, 1996, MSLIC filed a document in the trial court labeled “Motion for Reconsideration and Brief in Support Thereof,”[1] in which it sought reconsideration of the trial court’s grant of a new trial. The trial court never ruled on this motion, and MSLIC filed a motion requesting that the trial court certify its order granting a new trial for interlocutory review in the Alabama Supreme Court, pursuant to Rule 5, Ala.R.App.P. Although the trial court did certify its order for immediate review, the Alabama Supreme Court denied MSLIC’s petition for permission to appeal from the trial court’s interlocutory order.
On February 24, 1997, MSLIC filed a notice of appeal to the Alabama Supreme Court from the trial court’s order granting a new trial, citing Ala.Code 1975, § 12-22-10, as jurisdictional authority. The Alabama Supreme Court transferred MSLIC’s appeal to this court on the basis that the appeal was within this court’s appellate jurisdiction.
We must first consider whether this court has jurisdiction over this appeal, because “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
As a general rule, an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, “[f|rom any final judgment of the circuit court” (emphasis added). Ala.Code 1975, § 12-22-2. However, certain classes of orders, interlocutory in nature, are within the jurisdiction of the appellate courts of this state, either by virtue of the rulemaking power of the Alabama Supreme Court or by legislative action rendering them immediately appealable. See John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073-74 (Ala.1988). An example of legislatively created immediate appealability is set forth in § 12-22-10, which provides that “[e]ither party in a civil case ... may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.”
However, an appeal from such an order granting a new trial must be taken within 42 days from the date of the entry of the order. See Rule 4(a)(1), Ala. R.App.P. MSLIC’s notice of appeal was filed on February 24, 1997, approximately five months after the entry of the order granting a new trial. Thus, its notice of appeal is prima facie untimely.
Moreover, MSLIC’s “Motion for Reconsideration” of the trial court’s Rule 59, Ala.R.Civ.P., order granting a new trial did not toll the period for taking an appeal from that order. In Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983), the Alabama Supreme Court held that a motion to reconsider a trial court’s action upon a Rule 59 motion is not itself a motion within the auspices of Rule 59 such as will suspend the running of the time for taking an appeal under Rule 4(a)(3), Ala.R.App.P. The plaintiffs in Newton were aggrieved by an order granting a motion *648 for new trial filed by one of the defendants, and filed a motion for reconsideration of that order. When the defendant who had obtained a new trial appealed from the trial court’s denial of its motion for judgment notwithstanding the verdict, the plaintiffs claimed that the defendant’s notice of appeal was premature because of the pendency of their motion for reconsideration.
In considering the plaintiffs’ claim of prematurity in Newton, the Alabama Supreme Court determined that “the answer to this question depends upon the efficacy of [the plaintiffs’] motion to reconsider as a Rule 59(e) motion tolling the time for taking an appeal.” 443 So.2d at 922. The Newton court first quoted with approval from this court’s opinion in Wilger v. Department of Pensions & Security, 343 So.2d 529 (Ala.Civ.App.1977). In Wilger, this court concluded that a motion to reconsider an order denying a Rule 59 motion does not toll the time for taking an appeal; in Newton, the Alabama Supreme Court extended our holding to apply to motions to reconsider orders granting Rule 59 motions:
“It is clear, in the present case, that Plaintiffs’ motion to reconsider a ruling on a Rule 59 motion is not itself a post-judgment motion contemplated by the rule. Otherwise stated, while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court’s reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal. We recognize that Wilger dealt with a situation where the second motion sought reconsideration of the order denying the first motion, and that here we are dealing with a situation where the second motion seeks reconsideration of an order granting the first motion. Nevertheless, we adopt the reasoning of the Court of Civil Appeals in Wilger, and extend it to hold also that a motion to reconsider an order granting a post-trial motion does not suspend the running of the time for taking an appeal.
“It follows, then, that [the defendant] can appeal, notwithstanding Plaintiffs’ pending motion for reconsideration. Because Plaintiffs’ motion does not toll the time for taking an appeal, it would be illogical to require Sunshine to delay filing a notice of appeal.”
443 So.2d at 923-24 (emphasis added; footnotes omitted). Thus, a “motion to reconsider” an order granting a motion for a new trial, such as MSLIC’s October 22, 1996, motion, does not toll the time for taking an appeal from such an order, and MSLIC’s notice of appeal, filed more than 42 days after the entry of the order granting Smith a new trial, is untimely as a matter of law. We note that the trial court’s interlocutory order granting a new trial could be reviewable upon appeal of an otherwise final judgment in this case. This court has recognized that “an appeal from a final judgment draws into question all nonfinal orders preceding it.” Klein v. State Bd. of Educ., 547 So.2d 549, 552 (Ala.Civ.App.1988) (quoting Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1370 n. 2 (10th Cir.1979)), writ quashed, 547 So.2d 554 (Ala.1989).
Rule 2(a)(1), Ala.R.App.P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Because we have concluded that MSLIC’s notice of appeal was not timely filed to invoke this court’s jurisdiction to review the trial court’s order granting a new trial in this cause, we dismiss MSLIC’s appeal.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. We again remind the Bench and Bar that “there is no such [filing] as a 'motion to reconsider’ under our Alabama Rules of Civil Procedure.’’ Pelfrey v. State Dep’t of Indus. Relations, 659 So.2d 671, 672 n. 1 (Ala.Civ.App.1995).