The petitioners seek a writ of mandamus directing the Honorable Wilson Hayes, Judge of the Circuit Court of Baldwin County, to set aside an order by which he on his own initiative amended an earlier order dismissing a third-party complaint.
Defendant St. Paul Title Insurance Corporation filed a third-party complaint against the petitioners, who as third-party defendants moved to have that complaint. dismissed. The trial judge on April 30, 1981, entered an order: "motion to dismiss third-party complaint granted."
The rest of the case remained on the court's docket and proceeded in a somewhat normal course. On November 19, 1981, two entries were made on the case action summary sheet:
 1) "The motion to dismiss the Third Party Complaint that was granted by this Court on the 30th day of April, 1981, is amended to read as follows: Motion to dismiss third-party complaint — granted without prejudice to further actions."
 2) "Final Order (for Pltf. and against Deft. St. Paul Title Ins. Corp. on Counts, 1, 2 3 — Count 4 pending)."
Rule 54 (b), A.R.Civ.P., provides that in the absence of a certain "express determination" and an "express direction for the entry of judgment," any order which adjudicates fewer than all the claims, or which adjudicates the rights and liabilities of fewer than all the parties, "shall not terminate *Page 81 
the action as to any of the claims or parties." Rule 54 (b) provides further that when such an order is not made "final" pursuant to that rule, then "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
It appears in this case that as of November 19, 1981, there was no Rule 54 (b) "express determination" or "express direction for the entry of judgment" made in regard to the order dismissing the third-party complaint.[1] Thus, it further appears that the April 30, 1981, order dismissing the third-party complaint was on November 19, 1981, still "subject to revision." Rule 54 (b), A.R.Civ.P.
Petitioners contend that the trial judge could not on his own initiative amend the dismissal order to add the "without prejudice" language, but that if he did have that authority he could not do it without giving prior notice to the petitioners. We have no difficulty in finding the trial judge's authority to act on his own initiative. Regarding comparable federal provisions, a noted commentator has written:
 "Since Rule 59 (e) is silent on the power of the court to alter or amend a judgment on its own initiative it could, therefore, be argued that the court lacks power to do so. We believe that such a position is not sound. The authorizations in Rules 60 (a) and 59 (d) for the court to act on its own motion are only declaratory examples of the general power of a court to act on its own initiative. And we conclude that the court has the power on its own motion to alter or amend a judgment, but if the alteration or amendment is of a substantial character, so that it does not fall fairly within the purview of Rule 60 (a), that the court's action to be valid under Rule 59 must be taken by it not later than 10 days after the entry of judgment [the time allowed by Rule 59 (d), F.R.Civ.P., for granting a new trial on the court's own initiative]."
6A J. Moore, Moore's Federal Practice ¶ 59.12[4] (2d ed. 1982). Of course, in this case the trial judge would not have been limited by the time provision of our Rule 59 (d), since under Rule 54 (b) the order was not final and was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
While we consider it the better practice for the trial judge to give notice of his intention to amend an order on his own initiative, we see no reason to revise the judge's action here. Petitioners have shown no prejudice by the trial judge's failure to give them prior notice, since by the terms of Rule 54 (b) the November 19, 1981, amendment adding the "without prejudice" language was itself not "final" and was therefore "subject to revision at any time," either upon the court's further initiative or upon the petitioners' motion. We need not determine whether in other contexts prior notice might be necessary.
This Court has stated that "Mandamus is an extraordinary remedy and should be granted only to prevent a failure of justice or irreparable injury." McDowell-Purcell, Inc. v. Bass,370 So.2d 942, 944 (Ala. 1979). The petitioners here have shown neither a "failure of justice" nor an "irreparable injury." The writ of mandamus is due to be denied.
WRIT DENIED.
All Justices concur.
[1] The court on November 19, 1981, signed a separate "Final Order" in which it directed the entry of a "final judgment" as to counts 1, 2, and 3 as against defendant St. Paul. That order appears to comply with Rule 54 (b), A.R.Civ.P., and would therefore make the "final order" appealable as of November 19, but it did not deal with the order dismissing the third-party complaint against the petitioners. *Page 82