ROBERTSON, Judge.
After an adoption proceeding in which the appellant, Joseph Calhoun, adopted his grandson, he filed a motion to set aside the adoption decree. That motion was denied by the trial court on May 26, 1989.
On June 23, 1989, appellant filed a motion to reconsider the denial of his motion to set aside. This motion was denied.
Appellant subsequently filed his notice of appeal with this court on October 27, 1989. We dismiss that appeal as untimely.
In Ex parte Dowling, 477 So.2d 400 (Ala.1985), our supreme court held, in pertinent part, that:
“A motion to reconsider cannot be used as a substitute for appeal.... [T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his [the mov-ant’s] own post-judgment motion.... In *621 the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial.” (Citations omitted.)
Here, the appellant attempted to obtain review by requesting a reconsideration of the court’s ruling on his own post-judgment motion. The proper review mechanism was appeal. Dowling.
Likewise, this “motion to reconsider” did not suspend the running of the time for appeal under Rule 4(a)(3), Alabama Rules of Appellate Procedure. “[A] motion to reconsider an order made by the trial court disposing of a motion of a type set out in Rule 4(a), A.R.A.P., does not again terminate the running of the time for taking an appeal.” Brown v. Martin, 394 So.2d 375 (Ala.Civ.App.), cert. denied, Ex parte Brown, 394 So.2d 377 (Ala.1981). (Citations omitted.)
As stated previously, the appellant’s motion to set aside was denied on May 26, 1989. Appellant’s notice of appeal was not filed until October 1989. Thus, the appeal was not taken within 42 days and must be dismissed as untimely. Rule 4(a)(1), A.R. A.P.
APPEAL DISMISSED.
INGRAM, P.J., and RUSSELL, J., concur.