ROBERTSON, Judge.
This appeal follows the trial court’s dismissal of an action against the State Department of Public Health (department).
The action was initiated when the Board of Trustees of the University of Alabama, in its capacity as operator of Birmingham Regional Emergency Medical Services System, and the Southwest Alabama Emergency Medical Services System, Inc., filed a complaint, alleging that the 1989 Emergency Medical Services Quality Assurance Plan (plan) adopted by the department failed to comply with the statutory requirements of § 22-18-3 and § 41-22-5, Code 1975.
The department then moved to dismiss the complaint, alleging that the plaintiffs had failed to exhaust their administrative remedies. The department’s motion was granted by the trial court on October 3, 1989. Further, the trial court denied the injunctive relief requested by the plaintiffs; however, the court’s order specifically provided that the plaintiffs could reinstate their case following the exhaustion of their administrative remedies.
On October 10, 1989, the plaintiffs filed a motion to alter, amend, or vacate the order of October 3, 1989. A hearing was held on the motion in November 1989, and the trial court found that the plaintiffs’ motion was moot because an administrative hearing had, by that time, been held. Also, in November 1989, the plaintiffs amended their complaint to include as a plaintiff the appellant Alabama Association of Rescue Squads (AARS).
On December 15, 1989, the trial court reopened the plaintiffs’ case, denied their motion to alter or amend the court’s previous order, granted some specific injunctive relief not objected to by the department, and denied all other declaratory and injunc-tive relief requested by the plaintiffs. The court’s order was specifically denominated as a final order.
Then, on January 11, 1990, the plaintiffs filed a motion for new trial, or in the alternative, a motion to amend, alter or vacate the court's order of December 15, 1989. The department filed a response to the plaintiffs’ motion in which the department opposed the plaintiffs’ motion “with one exception.” That exception was a request by the department that the court clarify its order of December 15.
Specifically, the department requested that the court’s order be amended to read as follows:
“5. The above injunctive relief is granted with the consent of the defendant. With respect to all other matters alleged in the plaintiffs’ complaints, the defendant’s motion to dismiss is hereby granted on the grounds that the plaintiffs can prove no set of facts under which they would be entitled to relief. Therefore, all other declaratory and injunctive relief requested by the plaintiffs is hereby denied.”
The court did amend its December 15 order on February 20, 1990, to include the department’s requested changes. On March 23, 1990, the plaintiffs filed another motion for new trial, or in the alternative, to alter, amend, or vacate the February 20, 1990, judgment. The plaintiffs contended that their complaint did state a claim upon which relief could be granted and that they were entitled to declaratory and injunctive relief concerning the applicability of the plan and the department’s implementation thereof.
The trial court denied plaintiffs’ motion on May 31, 1990. Plaintiff AARS then appealed to this court on July 11, 1990. The department contends that the appeal of *1132 AARS should be denied as untimely filed because, although it was filed within 42 days of the court’s May 31 order, it was filed more than 42 days after the trial court’s February 21 order. The department asserts that the plaintiffs could not file successive post-judgment motions in order to toll the 42-day time period in which an appeal to this court must be filed.
In Ex parte Dowling, All So.2d 400 (Ala.1985), our supreme court held:
“[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment ..., the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial.”
We have examined the record in this case and note that the December 15 order, which the plaintiffs sought to have amended, provided that all declaratory and in-junctive relief requested by the plaintiffs, with the exception of some declaratory relief not objected to by the defendant, was denied. Further, the court denied the plaintiffs’ motion to alter, amend or vacate its order of September 29, 1990.
The court’s incorporation of the suggested changes by the department in its order of February 20 did not aggrieve the plaintiffs in any new way. Instead, the court’s order simply clarified the fact that all of the relief requested by plaintiff was denied with the exception of the declaratory relief previously agreed to by the defendant.
Thus, the plaintiffs should have filed their notice of appeal within 42 days of the court’s February order. This they did not do, and, consequently, the appeal is untimely.
APPEAL DISMISSED.
RUSSELL, J., concurs.
INGRAM, P.J., not sitting.