ROBERTSON, Presiding Judge.
The parties to this appeal were divorced in 1983. Following an ore tenus proceeding on motions for modification and rule nisi, the trial court rendered a judgment on January 22,1992, which, inter alia, found an arrearage of $4,692.44 and ordered the husband to continue paying $500 per month child support as provided in the original divorce decree. The trial court also ordered that a compliance hearing be set in January 1993. No post-trial motions were filed.
As a result of the compliance hearing in January 1993, the trial court, by order dated February 5, 1993, determined that there was a current arrearage of $6,810 and set the ease for further review and compliance on July 6, 1993.
On February 26, 1993, the husband filed a motion to set aside the February 1993 order and the 1992 judgment and to reschedule a full hearing on the merits.
The trial court denied the motion as to both orders, and the husband appeals.
The husband contends that the 1992 judgment was due to be set aside because the trial court failed to follow Rule 32, A.R.J.A. Also, the husband contends that the 1992 judgment was ambiguous because it ordered him to pay $500 per month child support as provided by the “original” decree. The husband argues that the original decree provided for $300 per month and that it was not until May 1986 that the child support was increased to $500 per month.
The husband’s motion is clearly untimely as to the 1992 judgment, unless we treat it as a Rule 60(b), A.R.Civ.P., motion. Rule 60(b) motions are not to be used as a substitute for an appeal. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). The husband fails to show how or why he is entitled to any relief pursuant to Rule 60(b). The amount of child support was not modified, and the reference by the trial court to the original decree instead of the 1986 decree *817 was obviously a clerical error and totally harmless. Rule 45, A.R.A.P.
The husband contends that the February 1993 order is due to be set aside because it was based on the January 1992 order. The February 1993 order merely stated that the arrearage was $6,810 and set the case for farther review. We find the husband's contentions to be without any legal merit.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.