L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced on October 30, 1992. On November 25, 1992, the husband filed a Rule 59, A.R.Civ.P., “motion for new trial or to alter, amend, or vacate judgment.” The wife responded and also requested post-trial relief. On December 4, 1992, the trial court set a hearing date for January 5, 1993, to address two specific allegations of the parties’ motions. All other requests were denied. On January 6, 1993, following the hearing, the trial court denied the husband’s Rule 59 motion and granted the wife’s post-trial request. No appeal was taken from that order.
The husband, pro se, filed a second Rule 59 motion on February 4, 1993. That motion did not attack the court’s order of January 6, 1993, but rather presented issues which were, or could have been, raised in the husband’s initial posttrial motion. The court denied the motion on February 10, 1993, and entered an “amendment to order denying motions” on February 11, 1993. The February 11, 1993, amended order was not pertinent or responsive to the husband’s February 4, 1993, motion. The husband filed a notice of appeal with this court on March 25, 1993.
The dispositive issue is whether this case is due to be dismissed for failure to file a timely notice of appeal.
Rule 4, A.R.A.P., governs the time for filing an appeal. It provides that notice of appeal to this court must be filed within 42 days after a judgment on the merits or on a ruling from an appropriate posttrial motion.
*871 The final judgment of divorce was entered on October 30, 1992. The husband’s initial Rule 59 motion was timely filed on November 25, 1992. That motion was denied on January 6,1993. The wife’s posttrial request was granted on the same date. No appeal was taken from that order.
Generally, subsequent posttrial motions do not suspend the running of the time for appeal. Ex parte Bowling, 477 So.2d 400 (Ala.1985). This generality is not without exceptions. Dowling. The husband’s second posttrial motion of February 4, 1993, does not conform to any' of those exceptions.
The second Rule 59 motion did not question the court’s order of January 6,1993, and it did not present any new issues for the court’s consideration. Furthermore, the allegations of the motion were not premised on any grounds which would support a Rule 60(b) construction. Dowling. The husband’s second posttrial motion did not suspend the running of the time for appeal.
The time for appeal from the order denying the Rule 59 motion began running on January 6, 1993. The husband did not file his notice of appeal with this court until March 25, 1993. The notice of appeal was untimely. The appeal is due to be dismissed.
The husband’s request for attorney’s fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.