YATES, Judge.
On February 10, 1992, the trial court divorced the parties, ordering, among other things, that the husband pay indebtedness on certain credit cards and pay to the wife $500 per month as alimony. On April 1, 1993, the wife petitioned for a rule nisi, asking the court to find the husband in contempt for his failure to pay an alimony arrearage and payment of unpaid credit card debts. She also sought an award of an attorney fee in that action.
On June 28, 1993, the trial court entered a default judgment against the husband for his failure to defend the action, finding him to be in contempt and ordering him to pay the alimony arrearage, the outstanding credit card debts, an attorney fee, and court costs. On the husband’s post-judgment motion, the trial court set aside the default judgment.
On July 9,1993, the husband answered the wife’s petition and counterclaimed, seeking a termination or reduction of his alimony obligation and an award of attorney fees. On July 29, 1994, after an ore tenus proceeding, the trial court found the husband in contempt for his failure to pay $1,142.75 in alimony and ordered him to pay attorney fees and court costs. It denied the husband’s counterclaim.
On August 29, 1994, the husband sought post-judgment relief. On October 4, 1994, the trial court denied the husband’s motion, stating that “no one appeared” for the hearing. The husband then filed a second post-judgment motion, requesting the trial court to reconsider its denial of his first post-judgment motion. On November 29, 1994, the trial court denied the second post-judgment motion. The husband filed his notice of appeal on January 9, 1995.
In Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985), our supreme court held:
“[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some eases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment ..., *1333 the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial.”
The husband should have filed his notice of appeal within 42 days of the trial court’s October 4, 1994, order; because he filed it over three months after that order was entered, it was untimely. Accordingly, this court is without jurisdiction.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.