MONROE, Judge.
On March 8, 1995, the probate court of Mobile County entered an order finding that 89-year-old Nancy Glenn was incapacitated. In its order, the court also appointed a conservator for Glenn, pursuant to the Alabama Uniform Guardianship and Protective Proceedings Act, § 26-2A-1 et seq., Ala.Code 1975. On July 11, 1995, Glenn’s conservator moved the court for authorization to transfer title to Glenn’s real property to a proposed caregiver, in exchange for the caregiver’s promise to provide care, protection, and supervision of Glenn for her lifetime. The full-time care this arrangement provided would allow Glenn to live at home, as she desired to do. However, a review of probate records revealed that a deed conveying Glenn’s property to Harry Simmons had been recorded on December 21, 1994, although it had been executed on January 17, 1990. Glenn’s guardian ad litem filed a motion to set aside this conveyance, pursuant to § 8-9-12. In this motion, the probate court was specifically requested to invoke its equity authority and jurisdiction.
The court held an ore tenus proceeding at which it heard testimony from Glenn and Simmons. On January 31, 1996, the court *502 entered an order setting aside the deed purporting to convey Glenn’s real property to Simmons. On March 1, 1996, Simmons filed a motion seeking post-judgment relief and requesting a hearing. A hearing was held on March 23, 1996, and on April 23, 1996, the court entered an order denying Simmons’s motion, based on want of prosecution. The record reflects that Simmons did not appear at the March 23, 1996, hearing and did not file a motion for continuance or any other appropriate motion. On May 23, 1996, Simmons filed another post-judgment motion, in which he incorporated by reference the arguments contained in the previously adjudicated motion. A hearing was held on this second motion on July 30, 1996, and the trial court entered an order denying this motion on September 3, 1996. On October 29, 1996, Simmons appealed to the Alabama Supreme Court, which deflected his appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
This court has previously held:
“‘[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment ..., the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial.’ ”
Mangon v. Mangon, 660 So.2d 1332, 1332-33 (Ala.Civ.App.1995), quoting Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985).
Pursuant to the Alabama Uniform Guardianship and Protective Proceedings Act, the Rules of Civil Procedure specifically apply to probate court matters involving incapacitated persons. § 26-2A-33, Ala.Code 1975. The petition to set aside the deed at issue and the motions and hearings that followed were part of Glenn’s conservatorship proceedings. Because the petition to set aside the deed involved the estate of Glenn, an incapacitated person, and because it was part of her underlying conservatorship case, the Rules of Civil Procedure clearly applied to the proceedings.
Simmons’s second post-judgment motion was, in essence, an attempt to have the court reconsider the denial of his first motion. As Mangón and Dowling held, a mov-ant is not entitled to have the court reconsider its denial of a post-judgment motion. Thus, Simmons should have filed his notice of appeal within 42 days of the court’s April 23, 1996, order. Because he did not file his notice of appeal until October 29,1996, it was untimely. Therefore, this court is without jurisdiction.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.