Richard Henderson ("the father") appeals from a judgment of the Dale County Circuit Court that, among other things, changed certain child visitation provisions of a previous judgment divorcing the father from Michelle Henderson Koveleski ("the mother"), refused to direct the mother to share in the transportation costs associated with visitation, and ordered income withholding from the father's wages. We dismiss the appeal as untimely.
The father and the mother were divorced by the trial court in 1994, and primary physical custody of the parties' two children was vested in the mother; the father was granted joint legal custody and visitation privileges, including two months' visitation during the children's summer vacation from school. In December 1996, the father petitioned to modify the divorce judgment, requesting, among other things, sole temporary and permanent custody of the children and the termination of his periodic alimony and child support obligations. The mother answered and counterclaimed for, among other things, reimbursement of unpaid medical expenses, a change in the children's summer and Christmas visitation schedule, and an increase in child support.
The trial court, after an ore tenus hearing, entered a judgment on April 24, 1997, denying a change in custody, modifying the 1994 judgment's summer and Christmas visitation schedule, and increasing the father's monthly child support obligation from $308 to $342. However, although this judgment altered the father's child support obligation, it did not contain a withholding order as required by § 30-3-61, Ala. Code 1975.[1]
On May 19, 1997, the father filed two motions. In his "Motion for Reconsideration or in the Alternative Motion for Rehearing," the father contended that the trial court erred in failing to modify the custody provisions of the 1994 judgment. In his "Motion *Page 805 
to Amend Order," he challenged the trial court's alterations to the visitation schedule and the trial court's refusal to grant his request that the parties be directed to share in the children's transportation costs for purposes of visitation. The trial court, on June 3, 1997, denied the "Motion for Reconsideration or in the Alternative Motion for Rehearing," but set the motion to amend for a hearing on June 25, 1997. This hearing was continued twice on motion of the father, and it was ultimately scheduled for August 25, 1997.
On July 31, 1997, on its own motion, the trial court issued a separate document captioned "Income Withholding Order — Payment of Child Support." In this order, the trial court directed the father's employer to withhold $361 for one month and $343 per month thereafter (including a $1 administrative fee) from income due to be paid to the father, and to pay the amounts withheld to the clerk of the trial court to offset the father's child support obligation to the mother. On August 4, 1997, the father filed a motion to vacate this order, and the trial court set a hearing on that motion at the same time as its hearing on the father's motion to amend.
On August 29, 1997, four days after holding a hearing on the father's pending motions, the trial court entered an order denying both the motion to amend and the motion to vacate the income withholding order. That same day, the trial court entered an order correcting a portion of its factual findings in its April 24, 1997, judgment concerning the responsibilities of the parties to pay medical expenses not covered by insurance.[2] On September 4, 1997, the father filed another "Motion for Reconsideration or in the Alternative Motion for Rehearing" that challenged the trial court's August 29, 1997, rulings; the trial court denied that motion on September 16, 1997. On October 24, 1997, the father filed a notice of appeal.
Although the mother has not filed a brief on appeal challenging our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)).
Rule 4(a)(1), Ala.R.App.P., requires an appellant to file a notice of appeal with the clerk of the trial court within 42 days of the entry of the judgment or order appealed from; however, Rule 4(a)(3), Ala.R.App.P., provides that the filing of a post-judgment motion pursuant to Rule 59, Ala.R.Civ.P., suspends the running of the time for filing a notice of appeal until that motion is either expressly ruled upon or is denied by operation of law under Rule 59.1, Ala.R.Civ.P. Rule 59.1 provides that no post-judgment motion pursuant to Rule 59 shall remain pending in the trial court for more than 90 days absent either (1) the express consent of the parties, appearing on the record, or (2) the extension of that period by order of the court that would have jurisdiction of an appeal from the judgment.
In this case, the trial court entered its judgment on April 24, 1997. The father timely filed two motions on May 19, 1997, challenging different aspects of that judgment and requesting that the trial court revise its judgment. While the trial court denied the father's "Motion for Reconsideration or in the Alternative Motion for Rehearing" on June 3, 1997,[3] the 90-day period set forth in Rule 59.1, Ala.R.Civ.P., continued to run with respect to the "Motion to Amend Order" challenging the trial court's alterations to the visitation schedule and the trial court's resolution of the issue concerning transportation costs. In other words, the father continued to have a viable post-judgment motion pursuant to Rule 59, Ala.R.Civ.P. (and thus Rule 4(a)(3), Ala.R.App.P.), before the trial court *Page 806 
until at least August 17, 1997, the 90th day after its filing.
On July 31, 1997, during the pendency of this motion, the trial court issued its "Income Withholding Order." As counsel for the mother noted during the hearing on the father's motion to vacate this order, Ala. Code 1975, § 30-3-61(a), requires that "any decree or judgment entered pursuant to a petition to modify an original decree or award of support . . . shall
include as a separate section a withholding order . . . directing any employer of the obligor to withhold and pay over to the clerk of the court . . . out of income due or to become due the obligor at each pay period, an amount ordered to be paid for support" (emphasis added). This requirement is not waivable by the parties. Id. However, in this case, the trial court's April 24, 1997, judgment did not contain a withholding order.
Although a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment (see Ex parteOwen, 420 So.2d 80, 81 (Ala. 1982)), a trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party's Rule 59(e) motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion. See, e.g., Varley v. Tampax, Inc., 855 F.2d 696,699 (10th Cir. 1988); Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986); Arnold v. Sullivan, 131 F.R.D. 129, 133 (N.D.Ind. 1990).[4] Thus, the trial court acted within its jurisdiction by issuing its August 1, 1997, income withholding order, which effectively amended its April 24, 1997, judgment so as to comply with the requirements of § 30-3-61. Moreover, we note that the trial court had the discretion to direct immediate implementation of the income withholding order by directing service of the order upon the father's employer. Ala. Code 1975, § 30-3-61(c); Henderson v. Henderson, 680 So.2d 373, 374
(Ala.Civ.App. 1996) (citing Hermsmeier v. McCoy,563 So.2d 1058 (Ala.Civ.App. 1990)).
As a procedural matter, then, the trial court's income withholding order constituted a permissible amendment to its April 24, 1997, judgment. It follows, then, that the father's August 4, 1997, motion to vacate that order either constituted an amendment to his previous post-judgment motion to amend, in which case it was denied by operation of law on August 17, 1997 (i.e., 90 days from the original filing of the motion), or a new motion under Rule 59(e), Ala.R.Civ.P., to address a portion of the judgment as amended that newly aggrieved the father. SeeSimmons v. Estate of Glenn, 693 So.2d 501, 502 (Ala.Civ.App. 1997) (successive post-judgment motion permitted if trial judge "has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment" where "the party aggrieved by the new judgment may have had no reason to make such a motion earlier"). Nevertheless, this motion to vacate was denied no later than August 29, 1997, when the trial court entered its order purporting to deny both the May 19, 1997, motion to amend and the August 4, 1997, motion to vacate. It is on this date, at the latest, that all Rule 59 motions were acted upon and the 42-day period set forth in Rule 4(a)(1) began to run.
We note that the father also filed a "Motion for Reconsideration or in the Alternative Motion for Rehearing" on September 4, 1997. However, because this motion did not address the correctness of the trial court's decision to act in the one area where the trial court did amend the judgment on August 29, 1997 (that is, its findings concerning the parties' duties as to the children's medical expenses), the father effectively sought nothing more than review of the trial court's denial of the father's previous post-judgment motions. See Ollis v.Ollis, 636 So.2d 458, 459 (Ala.Civ.App. 1994); Standridge v.Standridge, 628 So.2d 870, 871 (Ala.Civ.App. 1993). Thus, the father's September 4, 1997, motion did not further toll the time for taking an appeal from the trial court's judgment.Parker v. South, 676 So.2d 364 (Ala.Civ.App. 1996). *Page 807 
Therefore, the final day that the father could have filed an effective notice of appeal was either September 28, 1997, which was 42 days after the 90th day after the filing of his original "Motion to Amend," or October 10, 1997, which was the 42nd day after the trial court's express denial of his motion to vacate the withholding order. Rule 4(a)(1), Ala.R.App.P. In this case, we need not decide which of these two dates actually was the last day for filing a notice of appeal, because the father filed his notice of appeal on October 24, 1997, 14 days after the later of these two dates. The father's appeal is thus untimely as a matter of law.
Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because we have concluded that the father's notice of appeal was not timely filed, we must dismiss his appeal. Asam v. City ofTuscaloosa, 585 So.2d 60 (Ala.Civ.App. 1991). However, we remind the Bench and Bar that Rule 4(a)(5), Ala.R.App.P., which was added in 1994, provides a mechanism whereby a party may file a notice of appeal during the pendency of post-judgment motions, and such a notice will take effect after all post-judgment motions are ruled upon; we recommend use of this device by parties who are uncertain of the application of Rule 4(a)(3), Ala.R.App.P., to the facts of their case.
APPEAL DISMISSED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.
[1] Although Ala. Code 1975, § 30-3-61, was recently amended by § 11 of Act No. 97-447, 1997 Ala. Acts, that amendment did not take effect until July 1, 1997. Because Act No. 97-447 did not substantially alter the pertinent provisions of the previous version of § 30-3-61, we will refer in this opinion to the pre-amendment version of this statute.
[2] The father had orally requested this relief during the hearing on his post-judgment motions.
[3] We again remind the Bench and Bar that "there is no such [filing] as a 'motion to reconsider' under our Alabama Rules of Civil Procedure." Pelfrey v. State Dep't of Indus. Relations,659 So.2d 671, 672 n. 1 (Ala.Civ.App. 1995).
[4] "[S]ince the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules." City of Birmingham v. City of Fairfield, 396 So.2d 692,696 (Ala. 1981).