On June 27, 1996, Alsie Smith obtained a $625 judgment against Mutual Savings Life Insurance Company ("Mutual Savings"). Because Mutual Savings was satisfied with this result, it did not file a post-judgment motion. However, on July 25, 1996, within 30 days of the entry of the judgment, Smith moved for a new trial, pursuant to Rule 59(a), Ala.R.Civ.P., arguing that the damages award was inadequate in light of the evidence she had presented at trial. Mutual Savings filed a response in opposition to the new trial motion; after a hearing, the trial court granted Smith's motion on September 23, 1996. On October 22, 1996, within 30 days of the order granting a new trial, Mutual Savings filed a document styled "Motion for Reconsideration and Brief in Support Thereof," in which it challenged the basis for the trial court's order granting a new trial. The trial court never ruled on that motion.
On February 24, 1997 (within 42 days of the 90th day following October 22, 1996; see Rule 59.1), Mutual Savings filed a notice of appeal to this Court, pursuant to Ala. Code 1975, § 12-22-10, challenging the *Page 650 
trial court's order granting a new trial. This Court transferred the appeal to the Court of Civil Appeals, pursuant to Ala. Code 1975, §12-2-7(6). The Court of Civil Appeals, in a unanimous decision, dismissed the appeal as untimely. Relying on Sunshine Homes, Inc. v.Newton, 443 So.2d 921 (Ala. 1983), the Court of Civil Appeals held that Mutual Savings' October 22, 1996, motion "to reconsider" was not sufficient under the Alabama Rules of Civil Procedure to toll the time for taking an appeal from the September 23, 1996, order granting a new trial. See Mutual Savings Life Ins. Co. v. Smith, 765 So.2d 646
(Ala.Civ.App. 1997). We granted Mutual Savings' petition for certiorari review. We reverse and remand.
As Mutual Savings correctly points out, the September 23, 1996, order granting Smith a new trial was a new "judgment" within the meaning of our Rules of Civil Procedure. See Rule 54(a), which defines a "judgment" as including "a decree and any order from which an appeal lies." See, also, § 12-22-10, which provides that "[e]ither party in a civil case . . . may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court." A party may challenge an adverse judgment by filing, within 30 days of its entry, a motion to alter, amend, or vacate the judgment, pursuant to Rule 59(e). A timely filed Rule 59(e) motion suspends the running of the time for filing a notice of appeal. Rule 4(a)(3), Ala.R.App.P. An examination of Mutual Savings' October 22, 1996, motion, although styled as one to "reconsider," clearly reveals that it was a Rule 59(e) motion. This Court looks to the essence of a motion, not just to its title, to determine how the motion should be treated under our Rules of Civil Procedure. Ex parte Alfa Mutual General Ins. Co., 684 So.2d 1281 (Ala. 1996). We conclude that Mutual Savings' October 22, 1996, motion, being a Rule 59(e) motion, suspended the running of the time for filing a notice of appeal, until that motion was denied by operation of law after 90 days, pursuant to Rule 59.1, Ala.R.Civ.P. Because Mutual Savings filed its notice of appeal within 42 days after the denial of its motion, its appeal was timely.
We note that this is not the first time this Court has discussed this particular issue. See Ex parte Dowling, 477 So.2d 400, 403-04 (Ala. 1985), wherein this Court stated:
 "The denial of a motion under Rule 59 or Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal. See, Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977), cert. denied, 348 So.2d 1065 (Ala. 1977). This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60(b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial. Post-judgment motions made pursuant to Rules 50 and 59, Ala.R.Civ.P., should be properly styled: e.g., `Motion for *Page 651 
New Trial,' Motion for Judgment Notwithstanding the Verdict,' There is no post-judgment motion referred to in our rules as a `motion to reconsider.'"
(Emphasis added.) In his opinion concurring specially in Dowling, Chief Justice Torbert stated:
 "I am in complete agreement with the majority opinion. My only purpose in writing specially is to briefly summarize and emphasize the holding of the Court.
 "If a party has his post-judgment motion denied, the review of that denial is by appeal. If a party has his post-judgment motion granted and a new judgment is entered, then the aggrieved party has the opportunity to file appropriate post-judgment motions. For example, see, A.R.Civ.P. 50(c)(2)."
477 So.2d at 404. We recognize, however, that Sunshine Homes, Inc. v.Newton, supra, which the Court of Civil Appeals relied on in this present case, is to the contrary. In Sunshine Homes, which predates Dowling, this Court stated:
 "It is clear, in the present case, that Plaintiffs' motion to reconsider a ruling on a Rule 59 motion is not itself a post-judgment motion contemplated by the rule. Otherwise stated, while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court's reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal. We recognize that Wilger [v. Department of Pensions and Security, 343 So.2d 529 (Ala.Civ.App. 1977),] dealt with a situation where the second motion sought reconsideration of the order denying the first motion, and that here we are dealing with a situation where the second motion seeks reconsideration of an order granting the first motion. Nevertheless, we adopt the reasoning of the Court of Civil Appeals in
Wilger, and extend it to hold also that a motion to reconsider an order granting a post-trial motion does not suspend the running of the time for taking an appeal."
443 So.2d at 923-24. (Some emphasis in original; some emphasis added.)
After reexamining Dowling and Sunshine Homes, we are persuaded that Dowling, not Sunshine Homes, is consistent with our Rules of Civil Procedure. This Court has never followed Sunshine Homes with respect to this particular issue; however, both this Court and the Court of Civil Appeals have recognized the holding in Dowling. SeeMcAlister v. Deatherage, 523 So.2d 387, 389 (Ala. 1988), wherein this Court stated:
 "Dowling states that when a post-judgment motion is denied, the review of that denial is by appeal, not by a motion to reconsider. A motion to reconsider may be proper if a post-judgment motion has been granted and a new judgment entered."
See, also, Simmons v. Estate of Glenn, 693 So.2d 501 (Ala.Civ.App. 1997); Mangon v. Mangon, 660 So.2d 1332 (Ala.Civ.App. 1995); A S BailBonding Co. v. State, 627 So.2d 446 (Ala.Civ.App. 1993); Standridge v.Standridge, 628 So.2d 870 (Ala.Civ.App. 1993); Alabama Association ofRescue Squads v. State Department of Public Health, 575 So.2d 1130
(Ala.Civ.App. 1991); Calhoun v. Calhoun, 563 So.2d 620 (Ala.Civ.App. 1990). In fact, the Court of Civil Appeals, following Dowling, has previously held exactly as we do here. See Woodall v. Woodall,506 So.2d 1005 (Ala.Civ.App. 1987).
We reiterate that if a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a "motion to reconsider" the denial of one's own post-judgment motion.Dowling. However, our Rules, including Rules 54(a), 59, and 50(c)(2), clearly contemplate that if a party has his post-judgment motion granted and a new judgment is entered, then the aggrieved party (here Mutual Savings) has the opportunity to file an appropriate post-judgment motion. To the extent that Sunshine Homes *Page 652 
is inconsistent with Dowling, it is hereby overruled. In addition, to the extent that certain statements in Sims v. Sims, 532 So.2d 646
(Ala.Civ.App. 1988), and Medical Center East, Inc. v. Allstate Ins. Co.,686 So.2d 1218 (Ala.Civ.App. 1996), are inconsistent with today's holding, those statements are overruled as well.
For the foregoing reasons, the judgment of the Court of Civil Appeals dismissing the appeal is reversed and the case is remanded for that court to consider the appeal.
REVERSED AND REMANDED.
HOOPER, C. J., and MADDOX, ALMON, SHORES, KENNEDY, COOK, SEE, and LYONS, JJ., concur.