BEATTY, Retired Justice.
In a post-divorce proceeding, the trial court granted the wife’s petition for an order holding the husband in contempt and for an award of periodic alimony. The husband filed a motion asking the court to set aside the order granting the wife relief. He also filed a Rule 60(b), Ala. R. Civ. P., motion seeking the same relief. The court denied both motions. The husband appealed separately as to both motions. The record discloses the following pertinent facts:
In July 1997, the trial court divorced the parties, ordering, among other things, that the wife have sole title to and interest in certain parcels of real estate and that the husband make the August 1997 mortgage payments on those properties. In February 1998, the wife filed a petition asking that the husband be found in contempt and asking for an award of periodic alimony. She alleged that the husband had not made the August 1997 mortgage payments on certain of the parcels of real estate that had been awarded to her; that the husband owed her various fees and deposits relating to this real property; that the husband had removed various items of equipment and personal property from the real property belonging to, or awarded to, her; and that the husband owed her additional money for costs and expenses relating to this real estate. The wife also alleged that she was about to lose her job as the result of business losses sustained by her employer and asked that the trial court require the husband to pay her periodic alimony, in an amount to be decided by the trial court. The wife also asked the trial court to award her attorney fees and costs.
An “Order of Service and Return” for the petition was issued on February 6, 1998. Return to the clerk was made by Deputy Sheriff J. Lee on March 20, 1998, endorsed “unable to contact”. On April 80, 1998, the wife moved for a continuance, alleging that the sheriff had been unable to serve the husband at his Montgomery address, that the husband’s attorneys had refused to accept service, and that she believed the husband was avoiding service of process.
On May 1, 1998, the trial court entered an order resetting the hearing on the wife’s petition and directing that a deputy sheriff serve the husband with the wife’s petition and a copy of the order resetting the hearing. The trial court stated that “[n]o further continuance will be granted due to lack of service on the former husband.”
The clerk, on May 1, 1998, issued an “Order of Service and Return” for the petition, the motion for a continuance, and the order setting a hearing. Although deputies tried to serve the husband on five separate occasions, including late at night and early in the morning, they were unsuccessful, and on or about July 13, 1998, Deputy Sheriff L. Coon filed with the clerk a “Return on Service” certifying that he was “unable to serve [the petition and related documents] AM or PM.”
While the clerk was attempting to effect service on the husband, the wife was also trying to serve him by means of a private process server, John Lloyd. An Order of Service and Return for the petition and the related documents was issued to Lloyd on May 15, 1998, and on July 30, 1998, Lloyd filed the Return on Service, certify *419 ing that on July 26, 1998, he had served the husband with these documents at the husband’s Montgomery residence.
The court held a hearing on the petition on August 7, 1998. The husband was not present at this hearing and was not represented by counsel. The trial court heard evidence presented ore tenus, and on August 10, 1998, the court entered a default judgment in favor of the wife in the total amount of $9,443.87, including $1,864.08 in attorney fees.
On August 19, 1998, the husband filed a motion to set aside the default judgment, pursuant to Rule 55(c), Ala. R. Civ. P., in which he alleged that the wife had not served him either personally or by publication, pursuant to Rules 4, 4.1, and/or 4.3, Ala. R. Civ. P., and that he had not been given notice of the hearing on the petition. On August 24, 1998, the trial court denied this motion, noting that “[t]he records of the court reflect that the Husband was served by process server on the 26th day of July, 1998.”
On September 4,1998, the husband filed a motion for “reconsideration,” which he supported with an affidavit. Like his Rule 55(c) motion, the husband’s motion for reconsideration also argues that he was not served with a summons, the petition, or a copy of the order setting a hearing. The husband alleged in his affidavit that he had been a resident of Elmore County since June 19, 1998, and that at no time on July 26, 1998, did he go to his former residence in Montgomery. The husband further alleged that he was not served with the wife’s petition and related documents on July 26, 1998, and that he had not had notice of the August 7,1998, hearing.
On September 10, 1998, the trial court denied the husband’s motion for reconsideration, noting that it had already denied a post-judgment motion filed by the husband concerning this issue and stating that the court no longer had jurisdiction to further consider “post-post-trial motions” on the same issue.
On October 1, 1998, the husband filed a notice of appeal of the denial of his Rule 55(c), Ala. R. Civ. P., motion to set aside the judgment and his motion to reconsider that denial. Also on October 1, 1998, the husband filed a Motion For Relief From Judgment, pursuant to Rule 60(b)(1), (3), and (4), Ala. R. Civ. P.[1] In this motion, the husband alleged that the trial court’s judgment was void because he had never been served with the wife’s petition.
The husband supported this motion with his own affidavit, in which he averred that he had moved from his Montgomery residence on June 19, 1998; that he had lived in Elmore County since that time; and that at no time on July 26, 1998, the date on which John Lloyd allegedly served him, did he go to his former residence. Along with his affidavit, the husband also filed the affidavits of Gene McNeil, Thomas McGough, and Robert Hutson. McNeil averred that the husband had lived in houses that McNeil owned, in Elmore County, since June 19, 1998. McGough averred that he was with the. husband from about 8 a.m. until about 10 a.m. on July 26, 1998, and that no legal papers were served on the husband during that time. Hutson averred that on July 26, 1998, he and the husband were working on a shop on Her-ron Street in Montgomery and that he was with the husband from 9 a.m., when the husband arrived with McGough, until about 5 p.m., when the husband left the shop. Hutson further averred that neither he nor the husband left the shop alone on July 26, 1998, and that nobody served the husband with legal papers on that date.
Thereafter, the trial court ruled that it did not have jurisdiction to consider the husband’s Rule 60(b) motion, stating in pertinent part:
*420 “THIS CAUSE comes before the court upon the motion for relief from judgment, filed on behalf of the former husband. Judgment was entered herein on August 10, 1998. The former husband filed a motion to set aside said judgment on August 19, 1998, and counsel for the former wife filed a response and objection thereto on August 21, 1998. The former husband’s motion to set aside judgment was denied by order entered herein on August 24, 1998. The former husband thereafter filed a motion to reconsider and motion for leave to file answer, which were further denied by order of September 10, 1998, on the basis that the court no longer had jurisdiction to further consider post-trial motions, the prior motion having been denied. The former husband now files another post-trial motion and, upon consideration thereof, the Court finds and it is hereby,
“ORDERED, ADJUDGED, AND DECREED as follows:
“1. That denial of a post-trial motion under [Rule] 60, [Ala. R. Civ. P.], terminates the jurisdiction of the Court and the Court has no jurisdiction to reconsider the denial of a post-trial motion. Ex parte Vaughan, 539 So.2d 1060 (Ala. 1989); Mangon v. Mangon, 660 So.2d 1332 (Ala.Civ.App.1995). Further, there is no jurisdiction to reconsider the denial of a motion to reconsider, in that there is no authority for a motion to reconsider a motion to reconsider. Ollis v. Ollis, 636 So.2d 458 (Ala.Civ.App.1994).
“2. That the Former Husband’s Motion For Relief From Judgment is DENIED for lack of jurisdiction.”
Thereafter, the husband filed a second appeal, in which he challenges the trial court’s refusal to rule on his Rule 60(b), Ala. R. Civ. P., motion. We will address both appeals in this opinion.
The trial court correctly denied the husband’s motion to set aside the default judgment under Rule 55(c), Ala. R. Civ. P. This motion contained only the husband’s bare allegation, unsupported by affidavit or any other evidence, that he was never served with a copy of the wife’s petition. The order denying the husband’s motion notes that “[t]he records of this Court reflect that the former husband was served by process server on the 26th day of July, 1998.”
Rule 4.1(b)(3), Ala. R. Civ. P., provides that a return on service, properly executed by a person designated by order of the court who has served process in the prescribed manner, is prima facie evidence of personal service of process. Powell v. Central Bank of the South, 510 So.2d 171, 172 (Ala.1987); Wright v. Rogers, 435 So.2d 90, 91 (Ala.Civ.App.1983). The party challenging service carries the burden of establishing lack of service, by clear and convincing evidence. AAA Sewing Mach. Co. v. Shelby Finance Co., 384 So.2d 126 (Ala.Civ.App.1980). The husband’s unsupported allegations that he was not served with the wife’s petition, when controverted by a properly certified return on service, are not “clear and convincing evidence” of a lack of service. The trial court did not abuse its discretion in denying the husband’s motion to set aside the judgment. Moreover, although the husband contends that the trial court erred in not holding a hearing on his motion, the record evidence fails to show that the husband requested such a hearing. Geisenhoff v. Geisenhoff, 693 So.2d 489 (Ala.Civ.App.1997); Hill v. Hill, 681 So.2d 617 (Ala.Civ.App.1996).
The trial court erroneously concluded that it had no jurisdiction to consider the husband’s Rule 60(b), Ala. R. Civ. P., motion. Ex parte Vaughan, 539 So.2d 1060, and Mangon v. Mangon, 660 So.2d 1332, which the trial court cited in its ruling, stand for the proposition that a movant’s motion to “reconsider” a trial court’s ruling on the movant’s post-judgment motion does not suspend the running of the time for filing a notice of appeal. Neither case bars a trial court from considering a timely filed Rule 60(b), Ala. R. Civ. P., motion merely because the court had already denied a prior post-judgment motion filed by the movant. However, a correct judgment will be affirmed if it is proper on any legal basis, even if the trial *421 court gives a wrong reason. Boykin v. Magnolia Bay, Inc.. 570 So.2d 639 (Ala.1990); Tucker v. Nichols, 431 So.2d 1263 (Ala.1983).
 The husband's motion for relief from judgment, in essence, seeks a reconsideration of the same matters considered and denied in his motion to set aside a default judgment. Review of the denial of a post-judgment motion is by appeal. Ex parte Dowling, 477 So.2d 400 (Ala.1985). Motions for relief from judgment are not to be used as a substitute for an appeal. Kemp v. Kemp, 628 So.2d 816 (Ala.Civ. App.1993).
Although the husband attempts to characterize the present motion as one made pursuant to Rule 60(b), Ala. R. Civ. P., the relief sought and the grounds raised indicate that he is attempting to have the trial court reconsider the denial of his first post-judgment motion. Cornelius v. Green, 521 So.2d 942 (Ala.1988); Foster v. Foster, 636 So.2d 467 (Ala.Civ.App.1994); Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992).
Moreover, it appears that the husband filed his motion for relief from judgment at the same time he ified his first notice of appeal. Thus, it appears that the husband's appeal was pending when he filed his motion for relief from judgment. Because the husband failed to obtain leave of this court before he filed his motion, as required by Rule 60(b), Ala, R. Civ. P., the trial court lacked the jurisdiction to enter-tairi the motion.[2] Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8 n. 3 (Ala.Civ.App.1977).
For the foregoing reasons, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
2980033-AFFIRMED.
2980209-AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.

. The first page of the husband's motion for relief from judgment reflects two different filing dates, i.e., October 1, 1998, and October 19, 1998. The correct date on which this motion was filed is October 1, 1998.

. The husband did receive leave of this court to file with the trial court a second motion for relief from judgment. That motion is the subject of a third appeal by the husband and is not before us at this time.