The majority concludes that Momar did not timely file a notice of appeal in this case because, it says, a motion filed pursuant to Rule 59, Ala.R.Civ.P., can be filed only to attack a "final judgment" and that the order appealed in this case was not a final judgment. Therefore, in the majority's view, Momar's postjudgment motion was not a proper Rule 59 motion that would toll the time for filing a notice of appeal.
Notably, however, Momar's postjudgment motion was, by its terms, made expressly pursuant to both Rule 52 and Rule 59 of the Alabama Rules of Civil Procedure. A motion made under either of these rules operates to alter the time for filing an appeal.
Rule 59(e), Ala.R.Civ.P., provides that "[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment" (emphasis added). While the majority insists that a postjudgment motion "may be taken only from a final judgment," Rule 54(a), Ala.R.Civ.P., provides that the term "`[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." The trial court's order denying the requested injunction in part, although it was an interlocutory order that did not address all claims in the case, was a "judgment" because it was an "order from which an appeal lies" pursuant to Rule 4(a)(1), Ala.R.App.P. See Davis v. Hester,582 So.2d 538, 540 (Ala. 1991). Rule 4(a)(3), Ala.R.App.P., provides, in pertinent part:
 "The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure . . . shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion."
(Emphasis added.) See also Ex parte Mutual Sav. Life Ins. Co.,765 So.2d 649 (Ala. 1998) (order granting a new trial under Rule 59, although interlocutory in nature, is an appealable order and therefore constitutes a "judgment" that will support a Rule 59 motion, which motion, in turn, will suspend the time for taking an appeal).
Momar's motion also expressly sought relief under Rule 52, Ala.R.Civ.P. That rule provides that "in granting or refusing interlocutory injunctions the court may . . . set forth the findings of fact and conclusions of law which constitute the grounds for the action," and that "[u]pon motion of a party filed not later than thirty (30) days after . . . entry of findings and conclusions the court may amend its findings or make additional findings." Rule 52(a) and (b), Ala.R.Civ.P. As in the case of an order granting or denying a properly filed Rule 59 motion, Rule 4(a)(3), Ala.R.App.P., expressly provides that the full time fixed for filing a notice of appeal shall be computed from the date of entry of an order granting or denying a motion filed pursuant to Rule 52.
In dismissing Momar's appeal as untimely, the majority relies uponJefferson County Commission v. ECO Preservation Services, L.L.C.,788 So.2d 121 (Ala. 2000). ECO Preservation, however, is inapposite. The appeal in that case was taken from a partial summary judgment that granted injunctive relief, but that was made final *Page 708 
pursuant to an order entered under Rule 54(b), Ala.R.Civ.P. Thus, the notice of appeal in that case could be (and was) timely filed at any point within the general 42-day time limit for most appeals provided in Rule 4(a), Ala.R.App.P. Clearly, however, the entry of a Rule 54(b) order is not a necessary condition for appealability of an interlocutory order granting or denying an injunction. Nor does ECO Preservation stand for the broad proposition that, absent a Rule 54(b) certification of an interlocutory order granting or denying an injunction as a final
judgment, such an order cannot be a "judgment" within the provisions of Rules 52(b) and 59(e), Ala.R.Civ.P. Indeed, in ECO Preservation, no postjudgment motion under Rule 52 or Rule 59 was filed with the trial court. Accordingly, ECO Preservation did not even involve the application of Rule 4(a)(3), Ala.R.App.P., which, as noted above, provides that "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying" a motion made under Rule 52 or Rule 59.
The rule adopted by the majority today singles out one of the several classes of cases for which time limits for appeal are prescribed in Rule 4(a)(1), Ala.R.App.P., and requires an aggrieved party to file a notice of appeal strictly within the particular time limit prescribed therein for that class of case. In so doing, that rule not only gives that particular time limit for appeal primacy over the plain text of Rule 4(a)(3), Ala.R.Civ.P., as well as the plain text of Rules 52(b), 54(a), and 59(e), Ala.R.Civ.P., it also imposes requirements contrary to judicial economy. It effectively compels immediate, potentially wasteful, appeals in cases in which the trial court might otherwise be inclined to correct errors in, or otherwise grant postjudgment relief from, an interlocutory order and thereby save the parties the delay, effort, and expense of an appeal.
Rule 1, Ala.R.App.P., favors construction of the appellate rules in a manner that allows for the determination of appeals on the merits. Appendix IV of the Alabama Rules of Appellate Procedure, provides, in pertinent part, that the following "principle echoes throughout the rules: Procedural traps will not deprive a litigant of his right to have a determination on the relative merits of the appeal." Rule 4(a)(1), Ala.R.App.P., provides that the time for taking an appeal from an interlocutory order refusing an injunction is 14 days. Because Momar's notice of appeal was filed within 14 days of the trial court's denial of Momar's motion filed in accordance with Rules 52 and 59, Ala.R.Civ.P., Momar's appeal is timely under the provisions of Rule 4(a)(3), Ala.R.App.P.
Although I differ with the majority as to the timeliness of Momar's appeal, I agree that the appeal is due to be dismissed because the period during which the noncompetition agreement could be enforced has expired, and any action by this court to affirm or reverse the trial court's order could have no effect. See Buckley v. Seymour, 679 So.2d 220 (Ala. 1996). Because I would dismiss Momar's appeal as moot, I concur in the result reached by the majority to dismiss the appeal.
Crawley, J., concurs. *Page 709